FERNANDO OLIVENCIA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, P. R., recurrido.

No. 653.—*Sometido:* Noviembre 2, 1926. *Resuelto:* Enero 14, 1927.

1. MARIDO Y MUJER—BIENES (DE LA SOCIEDAD LEGAL DE) GANANCIALES—DERECHOS DE LOS HEREDEROS—INSCRIPCIÓN DE GANANCIALES A SU FAVOR.—DEFECTOS SUBSANABLES—SUBSANACIÓN.—Inscrita declaratoria de herederos—en cuanto a una finca inscrita a virtud de un expediente de dominio—con el defecto subsanable de no acreditarse la causante fuera la esposa del promovente del expediente al adquirir él el inmueble, tal defecto no queda subsanado cuando, de los documentos presentados sólo aparece que el promovente adquirió la finca siendo soltero, que su matrimonio se verificó años después y no hay nada que demuestre que él no había contraído matrimonio entre las fechas de la adquisición y la de su matrimonio, sin que el

affidavit del recurrente al efecto de haber estado casado en únicas nupcias con la causante sea suficiente de hacer constar tal hecho en el registro.

2. REGISTRADORES—FACULTADES—CALIFICACIÓN DE TÍTULOS—DETERMINACIÓN DE LAS FALTAS DE LOS TÍTULOS—CALIFICACIÓN DE UNA FALTA COMO SUBSANABLE SIENDO INSUBSANABLE—EFECTO.—Cuando un registrador califica de subsanable un defecto y resulta después que era insubsanable y que el documento presentado no debió inscribirse, tal defecto, no obstante, no puede ser subsanado.

3. MARIDO Y MUJER—BIENES PRIVATIVOS DE LOS CÓNYUGES—EN GENERAL—SU CONVERSIÓN EN PROPIEDAD CONYUGAL—CONVERSIÓN POR LA VOLUNTAD DE UN CÓNYUGE.—Una propiedad privada no puede convertirse en propiedad conyugal por la mera voluntad de uno de los cónyuges.

NOTA de *Pedro Gómez Lasserre,* R. (Mayagüez), negando la subsanación de un defecto subsanable consignado en nota puesta al pie de un documento. *Confirmada.*

*José Sabater,* abogado del recurrente; El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Fernando Olivencia promovió un expediente para acreditar el dominio de una finca rústica sita en el barrio de Alto Sano del municipio de Las Marías, que fué debidamente inscrito en mayo 26 de 1925 sin defecto alguno en el Registro de la Propiedad de Mayagüez. En el expediente de dominio aparecía que Fernando Olivencia tenía 42 años de edad y era casado con Carmen Valladares. Esta última murió en diciembre 9 de 1925. Una declaratoria de herederos fué obtenida en abril 9 de 1926 y los herederos eran el esposo y sus dos hijos menores de edad. Al ser presentada esta declaratoria para su inscripción el registrador de la propiedad de Mayagüez la inscribió con un defecto subsanable como sigue:

"Se hace constar que dicha inscripción se verifica con el defecto subsanable de no acreditarse que Carmen Valladares fuera la esposa de Fernando Olivencia al adquirir éste la finca."

[1] Según Fernando Olivencia él adquirió esta propiedad en el 1914 cuando era soltero. Su matrimonio con Carmen Valladares se efectuó en el 1920. Después de exponer

estos hechos previos en la petición al registrador con el fin de subsanar el defecto, el peticionario continuó diciendo que aunque la finca aparecía como su propiedad privada era su deseo que se considerase como perteneciente a la sociedad conyugal, en vista de que después de su matrimonio se habían hecho ciertas mejoras en la misma; y por la razón adicional de que él deseaba que sus hijos tuvieran alguna participación en dicha finca, y que no defraudaba con ello a ninguna persona y especialmente a ninguna otra sociedad de gananciales, perjudicándose tan sólo a sí mismo. El registrador rehusó considerar que se había subsanado el defecto substancialmente, por el fundamento de que del registro no aparecía que entre el 1914 y 1920 el peticionario no había contraído otro matrimonio. El peticionario entonces acudió a la Corte de Distrito de Mayagüez y obtuvo una orden declarativa de que él era soltero en el 1914 cuando adquirió la propiedad. Al presentarse esta orden y declaración jurada del peticionario al registrador, éste rehusó considerar el defecto subsanado y sostuvo que la actuación de la corte confirmaba su posición. La declaración jurada del peticionario exponía que éste nunca había estado casado con nadie excepto con Carmen Valladares, pero una declaración jurada no es la forma de hacer aparecer un hecho que se desea hacer constar en el registro. La objeción del registrador de que no aparecía que el peticionario no había contraído matrimonio entre 1914 y 1920 permanecía sin alterar.

[2, 3] Además opinamos fuertemente que no puede convertirse propiedad privada en propiedad conyugal por la mera voluntad de uno de los esposos. Es muy probable que en este caso no se perjudicara a nadie más que al peticionario, pero esta forma de transmutación, en otro caso podría dar lugar a fraude a acreedores y quizás a otras personas. Probablemente si el registrador hubiese tenido todos los hechos ante sí y les hubiese dado debida consideración, habría negado la inscripción de la declaratoria de he-

rederos. El inscribió con defecto subsanable y no vemos cómo ese defecto pueda subsanarse.

*La nota del registrador debe ser confirmada.*