Joaquin Ramos de Anaya, Jr., y Mercedes Oller, demandantes y apelados, *v.* Heraclio López, demandado y apelante.

No. 3962.—*Resuelto:* Abril 29, 1927.

1. Apelación y Error—Señalamiento de Errores—Omisión de Señalar Determinado Error, y Efecto—En General.—En ausencia de señalamiento de error, el Supremo no está obligado a revisar todas las cuestiones, aunque tiene discreción para hacerlo si la justicia del caso así lo requiere.

2. Patrono y Empleado—Responsabilidad por Daños a Terceras Personas—Acciones—De la Demanda—Su Suficiencia—Omisión de Alegar la Agencia o Empleo.—Cuando una demanda alega que el demandante tenía una empresa de transporte y que un *truck* del demandado se dedicaba al dicho negocio el día del accidente—choque entre dicho *truck* y un carro del demandante—, siendo una presunción necesaria que la persona a cargo del *truck* era un empleado del demandado y estaba en el desempeño de las obligaciones impuéstales por el patrón, aquélla es suficiente aunque deje de alegar que la dicha persona encargada del *truck* era un empleado del demandado.

Moción sobre reconsideración de sentencia. *Sin lugar.*

*Juan B. Soto,* abogado del apelante; *Luis Muñoz Morales y Enrique Rincón,* abogados de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se ha presentado una moción de reconsideración fundada en la teoría de que esta corte pasó por alto la objeción del apelante de que la demanda no aducía hechos suficientes constitutivos de una causa de acción.

No hubo señalamiento de error a este efecto. El apelante únicamente dijo que la corte cometió error al dictar sentencia a favor del demandante y luego hacia fines de su discusión sobre este particular manifestó que la demanda era insuficiente por varias razones. En ausencia de señalamiento de error al efecto, esta corte no está obligada a revisar todas

las cuestiones, aunque tiene discreción para hacerlo si la justicia del caso así lo requiere.

En este caso se dejó de alegar en la demanda que la persona encargada del *truck* era empleada del demandado. Esta omisión pudo fácilmente suplirse durante el juicio con la prueba, de suerte que no se cometió injusticia alguna.

Además, resolvemos que la demanda determinaba una causa de acción. En ésta se alegaba que el demandante tenía una empresa que se dedicaba al transporte de piedras entre Pueblo Viejo, Bayamón y San Juan, y que en efecto el *truck* del demandado se dedicaba al citado negocio en dicho día. Era una presunción necesaria que la persona a cargo del *truck* era un empleado del demandado y que estaba en el desempeño de las obligaciones impuéstales por su patrono.

No hemos considerado la oposición escrita del apelado a esta moción, de conformidad con lo que dijimos en el caso de *Calaf* v. *Gallardo, 36* D.P.R. 151.

Debe declararse *sin lugar la reconsideración solicitada.*