ELIGIO CRUZ FIGUEROA, ETC., demandantes y recurridos, *v.* FLAMINGO HOMES, INC., demandada y recurrente; ATLANTIC BUILDERS CORP., BORINQUEN REALTY CORP., terceras demandadas.

*Número:* R-74-282     *Resuelto:* 17 de septiembre de 1974

*Agrait, Otero & Oliveras* y *Oronte Oliveras Sifre,* abogados de la recurrente; *Luis A. Archilla Laugier,* abogado de los recurridos.

PER CURIAM: La recurrente radicó su recurso de revisión el trigésimo día hábil, último de 30 dispuesto en la Regla 53.1(b) de Procedimiento Civil y notificó la solicitud a la parte recurrida 2 días después por correo certificado exigiendo acuse de recibo. Ésta ha pedido la desestimación aduciendo que este Tribunal carece de jurisdicción para conocer del caso pues tanto la radicación de la solicitud ante este Tribunal como su notificación a la parte contraria han de hacerse dentro del término estatutario de 30 días.

El planteamiento de la parte recurrida elide la enmienda introducida a la Regla 53.3 de Procedimiento Civil por la

Ley Núm. 97 aprobada el 2 de junio de 1967 resultando en su actual redacción que copiamos:

"La solicitud de revisión especificará los nombres de las partes recurrentes; designará la sentencia o la parte de la misma cuya revisión se solicita; y expondrá brevemente los fundamentos en que se apoya el recurso. El recurrente notificará la presentación de la solicitud de revisión a todas las partes contrarias dentro del término para solicitar dicha revisión, en la forma prescrita en la Regla 67. Cuando la notificación se hiciere por correo, deberá hacerse por correo certificado con acuse de recibo no más tarde de cinco (5) días después de presentada la solicitud de revisión."

■ Antes de la enmienda de 1967 había un solo término de 30 días para los dos actos, la radicación y la notificación. El efecto práctico de la enmienda fue mantener el término original de 30 días para presentar el recurso en secretaría y crear un nuevo y distinto término para notificarlo que se extiende por los 5 días siguientes a la radicación, siempre y cuando se hiciese por correo certificado. Nótese que el legislador no dispuso que estos 5 días operarían siempre dentro del término de 30 y no lo hizo porque: (1) ésa era la situación anterior que se propuso corregir con la enmienda; y (2) de así restringirlo, para un recurrente poder disfrutar el nuevo plazo de 5 días para notificar su recurso por correo tendría que presentarlo en secretaría no más tarde del 25° día, con grave detrimento de su derecho a utilizar en su plenitud el término principal de 30 días para solicitar revisión.

*No ha lugar a desestimar por falta de jurisdicción.*