AMELIA LAGARES PÉREZ, demandante y recurrida, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y peticionario.

*Número:* CC-97-63          *Resuelto:* 23 de diciembre de 1997

*Edda Serrano Blasini, Subprocuradora General,* y *Delmarie Vega Lugo, Procuradora General Auxiliar,* abogadas del Estado Libre Asociado de Puerto Rico, peticionario.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos ante nos la ocasión para aclarar dos asuntos importantes sobre la moción de reconsideración contem-

plada en la Regla 47 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, y resolver un conflicto de interpretación de esa regla que ha surgido entre distintos paneles del Tribunal de Circuito de Apelaciones.

I

En el caso de autos, el 4 de marzo de 1996 el Tribunal de Primera Instancia, Sala Superior de Utuado, dictó una sentencia para declarar con lugar una acción civil instada por la parte demandante contra el Departamento de la Vivienda y el Estado Libre Asociado de Puerto Rico. El foro de instancia condenó a los demandados a pagar $27,000 a la parte demandante, que era el precio en el mercado de una propiedad suya, de la cual había sido desalojada por el Departamento de la Vivienda, luego de haber ocurrido unos derrumbes de terrenos en el lugar donde estaba ubicada la propiedad. Concluyó el tribunal de instancia que en este caso se había llegado a un acuerdo entre la parte demandada y la parte demandante, mediante el cual ésta entregaría su casa a cambio de que se le indemnizara el justo valor en el mercado de la propiedad incautada por el Estado. El archivo en autos de la copia de la notificación de dicha sentencia se efectuó el 12 de marzo de 1996.

Oportunamente, el 27 de marzo de 1996, la parte demandada presentó una moción de reconsideración. Transcurridos treinta y siete (37) días desde la presentación de dicha moción, pero antes de que expirase el término para acudir mediante una revisión, el tribunal de instancia emitió una resolución el 3 de mayo de 1996, mediante la cual ordenó a la parte demandante a exponer su posición con respecto a la moción referida en el término de veinte (20) días.

Conforme se le había ordenado, la parte demandante presentó su oposición a la moción de reconsideración. En

esencia, alegó que el tribunal sentenciador carecía de jurisdicción para considerar dicha moción por dos razones; a saber: (*a*) que la moción de reconsideración no le fue notificada dentro del término jurisdiccional de quince (15) días que establece la Regla 47 de Procedimiento Civil, *supra*, para su interposición([1]), y (*b*) que dicha moción no fue atendida o considerada por el tribunal de instancia dentro del término de diez (10) días de haberse presentado, que fija la Regla 47 de Procedimiento Civil, *supra*, por lo que debía entenderse que la moción había sido rechazada de plano. Adujo también la parte demandante que como la Orden de 3 de mayo de 1996 había sido dictada pasado el término de diez (10) días desde que se presentó la moción, dicha orden no tenía el efecto de interrumpir el término apelativo para acudir en alzada.

El 16 de agosto de 1996 el tribunal de instancia emitió una resolución y acogió lo expuesto por la parte demandante. Por lo tanto, declaró no ha lugar la moción de reconsideración instada por el Estado. Dicha resolución fue notificada a las partes el 20 de agosto de 1996.

Inconforme con el dictamen del tribunal de instancia, el 21 de octubre de 1996 el Estado presentó un escrito de apelación ante el Tribunal de Circuito de Apelaciones, Circuito Regional III (Utuado). En esencia, alegó que el tribunal de instancia había errado al concluir que en el caso había mediado un contrato entre las partes y que el Estado se había incautado de la propiedad de la demandante. Por otro lado, con relación a los planteamientos jurisdiccionales presentados en torno a la moción de reconsideración, adujo que ni la Regla 47 de Procedimiento Civil, *supra*, ni su jurisprudencia interpretativa exigen la notificación de

---

([1]) Sobre el particular, la parte demandante afirmó que no fue hasta el 8 de abril de 1996 que la parte demandada le notificó con copia de dicha moción. Acompañó como evidencia de tal notificación una copia del sobre franqueado en el correo de San Juan con matasellos de tal fecha.

la moción de reconsideración a las demás partes dentro del término establecido para presentarla. Asimismo, alegó que aunque la moción de reconsideración había sido acogida pasados los diez (10) días dispuestos para ello por la Regla 47 de Procedimiento Civil, *supra*, el tribunal de instancia tenía jurisdicción para actuar como lo hizo, porque su sentencia no era aún final y firme.

El 1ro de noviembre de 1996, la parte demandante solicitó la desestimación de la apelación presentada por el Estado. En síntesis, sostuvo que el recurso debía ser desestimado por falta de jurisdicción, por haber sido presentado fuera del término jurisdiccional de sesenta (60) días establecido por el Estado para las apelaciones. Fundamentó su solicitud en que la notificación de la moción de reconsideración presentada por la parte apelante en instancia no se había hecho dentro del término de quince (15) días que establece la Regla 47 de Procedimiento Civil, *supra*. También adujo que como la moción de reconsideración aludida no fue acogida dentro del término de diez (10) días de haberse presentado, ésta había sido rechazada de plano, y no se había interrumpido el término para apelar, el cual había vencido el 13 de mayo de 1996, más de cinco (5) meses antes de que el Estado apelara.

Luego de otros trámites procesales, el 13 de diciembre de 1996 el Tribunal de Circuito de Apelaciones dictó una resolución y declaró con lugar la moción de desestimación presentada por la demandante. Resolvió que carecía de jurisdicción para entender en el recurso, por ser la sentencia apelada final y firme. Concluyó que en este caso había transcurrido el término para apelar, el cual vencía el 13 de mayo de 1996; sin que se hubiera resuelto la moción de reconsideración; sin que se hubiese interrumpido el término para apelar, y sin que se hubiese presentado el recurso de apelación. Expresó que una vez haya transcurrido el plazo para apelar, la sentencia es final y firme, y el tribunal perdía jurisdicción para resolver una moción de re-

consideración que no hubiese atendido en el término de diez (10) días dispuesto por la Regla 47 de Procedimiento Civil, *supra.*

El foro apelativo no decidió nada sobre el otro planteamiento que le había formulado la parte demandante apelada, de que la moción de reconsideración en cuestión no fue notificada a tiempo. Este otro asunto ni siquiera se mencionó en la Resolución del Tribunal de Circuito de Apelaciones.

De dicha resolución acudió ante nos oportunamente el Procurador General de Puerto Rico, en representación de la parte demandada apelante, e hizo el señalamiento de error siguiente:

ERRÓ EL HONORABLE TRIBUNAL DE CIRCUITO DE APE-LACIONES AL DETERMINAR QUE LA MOCIÓN DE RE-CONSIDERACIÓN PRESENTADA NO INTERRUMPIÓ EL TÉRMINO PARA APELAR, A PESAR DE QUE LA MISMA FUE ACOGIDA POR EL FORO DE INSTANCIA ANTES DE QUE LA SENTENCIA ADVINIESE FINAL Y FIRME.

Así las cosas, el 7 de marzo de 1997 denegamos la solicitud de *certiorari* presentada por el Procurador General.[2]

El 24 de marzo de 1997 el Procurador General volvió a comparecer ante nos en moción de reconsideración e, *inter alia*, reclamó vehementemente nuestra intervención para pautar el derecho con respecto a la controversia presente en este caso, relativa al alcance de la Regla 47 de Procedimiento Civil, *supra*. Nos indicó en la moción de reconsideración que diferentes paneles del Tribunal de Circuito de Apelaciones han adjudicado la controversia aludida de manera distinta, por lo que existía un conflicto que debíamos conjurar entre dos soluciones contradictorias al problema que genera la interpretación de la referida Regla 47.

---

[2] Surge de nuestra resolución que el Juez Presidente Señor Andréu García no intervino y que el Juez Asociado Señor Fuster Berlingeri hubiese expedido para pautar.

El 18 de abril de 1997, en la reunión del Pleno de este Tribunal, acordamos unánimemente atender el planteamiento formulado por el Procurador General en su moción de reconsideración.

Al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, acogimos la reconsideración solicitada por el Procurador General para resolver el conflicto normativo expuesto por éste. Pasamos, pues, a resolver.

## II

La Regla 47 de las de Procedimiento Civil, *supra*, que actualmente regula la solicitud de reconsideración, dispone, en lo pertinente, que:

> La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

Con el propósito de resolver las controversias planteadas en este caso en torno al alcance y perfeccionamiento de la moción de reconsideración, conviene repasar la historia de este mecanismo procesal, para así arrojar luz sobre los asuntos que nos conciernen aquí.

La moción de reconsideración como tal no existía expresamente configurada en nuestro antiguo régimen procesal

civil. Fue introducida en nuestra jurisdicción al amparo del Art. 140 del Código de Enjuiciamiento Civil, 32 L.P.R.A. ant. sec. 725, que empezó a regir en 1904. Dicho artículo concedía a los tribunales sentenciadores la facultad para eximir a cualquier persona de los efectos de una sentencia u orden dictada contra ella por equivocación, inadvertencia, sorpresa o excusable negligencia. La moción de reconsideración surgió al amparo de esta disposición como el medio para que el tribunal sentenciador modificase su fallo. Véanse: *Pérez v. Corte de Distrito*, 39 D.P.R. 130 (1929); *Saldaña v. Comas, Síndico*, 41 D.P.R. 339 (1930). En *Dávila v. Collazo*, 50 D.P.R. 494, 503 (1936), expresamente reconocimos que "[e]l objetivo principal de una moción de reconsideración es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla".

La moción de reconsideración, así fraguada, dio lugar a su uso como práctica dilatoria por parte de litigantes perdidosos. Se convirtió muchas veces en un medio utilizado por los interesados en posponer indefinidamente la ejecución de una sentencia adversa. *Dávila v. Collazo*, supra. Ello era así porque entonces la mera interposición de una moción de reconsideración interrumpía el término para apelar y éste no comenzaba a transcurrir de nuevo hasta que el foro de instancia resolviese definitivamente la petición de reconsideración. *Dávila v. Collazo*, supra, pág. 500. Aunque la moción de reconsideración fuese frívola o carente de méritos, su mera presentación interrumpía el término para apelar, hasta que el foro sentenciador la denegase.

La situación referida antes provocó que la Legislatura de Puerto Rico aprobara en 1937 la Ley Núm. 67, que enmendó el Art. 292 del Código de Enjuiciamiento Civil, 32 L.P.R.A. ant. sec. 1251, y dispuso, en lo pertinente, que el foro de instancia debía resolver cualquier moción de recon-

sideración dentro de los cinco (5) días de haber sido presentada y que si la rechazaba de plano, el término para apelar se consideraba como que nunca fue interrumpido. De este modo se pretendía evitar los efectos dilatorios de las mociones de reconsideración que fuesen inmeritorias o frívolas. *Marcano v. Marcano*, 60 D.P.R. 351 (1942); *Guilhon & Barthelemy v. Corte*, 64 D.P.R. 303 (1944).

Las Reglas de Enjuiciamiento Civil adoptadas en 1943, que desplazaron gran parte del anterior Código de Enjuiciamiento Civil, nada dispusieron sobre la reconsideración de una sentencia. Ello dio lugar a que se planteara, entonces, la cuestión de si las mociones de reconsideración habrían de regirse al amparo de la Regla 59(b) de las nuevas reglas, 32 L.P.R.A. Ap. II, que trataba sobre mociones de nuevo juicio. Como existía un nuevo régimen procesal civil, contenido en las reglas de recién adopción y como las mociones de reconsideración según las reglas federales que sirvieron de modelo a las de Puerto Rico se consideraban equivalentes a una moción de nuevo juicio, se pensó que, según las Reglas de 1943, la moción de reconsideración se regía por la referida Regla 59(b). Este Tribunal resolvió la cuestión en *Gual v. Tribl. de Distrito*, 71 D.P.R. 305 (1950). Determinamos, entonces, que las mociones de reconsideración continuaban rigiéndose por el Art. 292 del Código de Enjuiciamiento Civil, *supra.*

El referido artículo 292 quedó en vigor hasta la vigencia de las Reglas de Procedimiento Civil de 1958. La Regla 47 de éstas lo sustituyó. 32 L.P.R.A. Ap. II. *López Rivera v. Autoridad Fuentes Fluviales*, 89 D.P.R. 414 (1963). Dicha regla, además de recoger lo esencial del citado Art. 292, le añadió un elemento importante a la norma que éste contenía. Se dispuso que si el tribunal ante el cual se había presentado una moción de reconsideración no tomaba alguna acción con respecto a ésta dentro de los cinco (5) días que tenía el tribunal para resolverla, se entendería que

ésta había sido rechazada de plano. Esto se añadió para corregir el problema que había surgido con respecto al referido Art. 292, desde que se aprobó la Ley Núm. 67 de 1937, aludida antes. El problema era que se había resuelto que el término de cinco (5) días fijado por el Art. 292, *supra*, dentro del cual el tribunal de instancia debía resolver la moción de reconsideración, no era un término fatal de carácter jurisdiccional, sino puramente directivo. *Marcano v. Marcano*, supra. Por ello, cabía la posibilidad de que un foro de instancia no actuase con respecto a la moción de reconsideración dentro de dicho término, sino más tarde. Si ello ocurría y luego el tribunal denegaba la moción de reconsideración en los méritos, no de plano, sí se interrumpía el término para apelar. Ello significaba que aún existía espacio para tácticas dilatorias. En tales casos, el objetivo de la referida Ley Núm. 67 no se había logrado a cabalidad. Faltaba, pues, disponer que si el foro de instancia no actuaba dentro de los referidos cinco (5) días, ello significaba que la moción de reconsideración quedaba rechazada de plano automáticamente. Así lo sugirió este Tribunal en *Guilhou & Barthelemy v. Corte*, supra, pág. 309, y ello fue recogido en las Reglas de 1958.

La Regla 47 de 1958, *supra*, fue adoptada como tal, con pocos cambios, en las Reglas de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), que están vigentes. Sólo se enmendó: (*a*) el término, dentro del cual el tribunal de instancia debe actuar, de cinco (5) a diez (10) días, y (*b*) en lugar de decir que dentro de dicho término el tribunal debía rechazar de plano la moción de reconsideración o señalar vista para oír a las partes, se dispuso sencillamente que el tribunal debía considerar la moción dentro de dicho término.

Con este historial en mente, pasemos a examinar las controversias concretas ante nos.

# III

■■■■ Como puede deducirse de lo expuesto antes, la importante disposición procesal de la Regla 47, *supra*, persigue dos propósitos. En lo primordial, por un lado, se busca crear la oportunidad para que un tribunal sentenciador pueda realizar la significativa tarea de corregir cualquier error que haya cometido al dictar una sentencia o resolución. Por otro lado, también se quiere evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial. Ambos propósitos están patentes en nuestras decisiones en torno a la citada Regla 47, que ha sido interpretada por este Tribunal en varias ocasiones. En lo pertinente al caso ante nos, hemos resuelto lo siguiente. En primer lugar, hemos indicado que si el foro de instancia no toma ninguna acción con respecto a una moción de reconsideración oportunamente presentada, dentro de diez (10) días de haber sido instada, se considerará que el término para la revisión judicial no ha sido interrumpido por la referida moción. Véanse: *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314 (1993); *Villanueva v. Hernández Class*, 128 D.P.R. 618 (1991); *Rodríguez Rivera v. Autoridad Carreteras*, 110 D.P.R. 184, 187 (1980); *El Mundo, Inc. v. Tribunal Superior*, 92 D.P.R. 791, 800 (1965).

■■■ En segundo lugar, también hemos indicado expresamente que, aunque hayan transcurrido los diez (10) días referidos sin que el foro de instancia haya tomado alguna acción con respecto a la moción de reconsideración, el término para la revisión judicial sí queda interrumpido, si el tribunal a quo decide acoger luego la moción de reconsideración *antes de que haya expirado el término para interponer el recurso de revisión. Pagán v. Alcalde Mun. de Cataño*, supra; *Pueblo v. Mojica Cruz*, 115 D.P.R. 569 (1984); *Suárez v. Flamingo Homes, Inc.*, 102 D.P.R. 664 (1974);

*Torres Torres v. Tribunal Superior*, 101 D.P.R. 277 (1973); *El Mundo, Inc. v. Tribunal Superior*, supra, pág. 801.

■ No hay contradicción entre nuestros dos pronunciamientos aludidos en los párrafos anteriores. Ello, porque hemos explicado con claridad que, aunque el tribunal de instancia presuntamente ha denegado la moción de reconsideración al no tomar acción con respecto a ella dentro de diez (10) días de haberse presentado, el tribunal aún conserva la facultad para reexaminar esa actuación suya, siempre que tenga jurisdicción sobre el caso. Es decir, aunque el foro de instancia haya denegado inicialmente la moción de reconsideración puede acogerla, posteriormente, de estimarlo procedente, si aún no ha transcurrido el término para interponer el recurso de apelación o revisión. Véanse: *Aponte v. Policía de P.R.*, 142 D.P.R. 75, 81 esc. 7 (1996); *Dumont v. Inmobiliaria Estado, Inc.*, 113 D.P.R. 406 (1982); *El Mundo, Inc. v. Tribunal Superior*, supra.

■ Lo determinativo para que se interrumpa el término de apelación o revisión es que el foro de instancia tome alguna acción para acoger la moción de reconsideración mientras aún tiene jurisdicción sobre el caso. Ello significa que el tribunal haya hecho alguna determinación demostrativa de que ha de atender la moción de reconsideración, como sería el señalamiento de una vista para oír a las partes sobre tal moción o dirigirse a la parte adversa para que exponga su posición sobre ésta por escrito. *Rodríguez Rivera v. Autoridad Carreteras*, supra.

■ Claro está, una vez la moción de reconsideración se acoge, el término para la apelación o la revisión queda interrumpido hasta que se resuelva definitivamente dicha moción, como expresamente lo dispone la Regla 47, *supra*. Véanse, además: *Vda. de Carmona v. Carmona*, 93 D.P.R. 140 (1966), y *Guilhou & Barthelemy v. Corte*, supra, págs. 303 y 307.

Aplicada la normativa reseñada antes, a los hechos de

este caso, resulta evidente que el Tribunal de Circuito de Apelaciones erró al concluir que carecía de jurisdicción sobre el recurso de *certiorari* presentado por el Estado. Aquí la moción de reconsideración presentada por la parte demandada fue acogida por el foro de instancia, antes de que transcurriese el término de sesenta (60) días que tenía el Estado para presentar su apelación. Como la sentencia de instancia aún no era firme y final cuando el Estado solicitó su reconsideración, el foro a quo aún tenía jurisdicción para acoger tal reconsideración. Dicho foro, pues, acogió propiamente la moción de reconsideración presentada por el Estado. De ese modo quedó interrumpido el término para apelar hasta que el tribunal de instancia resolviese definitivamente la moción de reconsideración. Por ello, cuando el Estado presentó su apelación ante el Tribunal de Circuito de Apelaciones, lo hizo a tiempo. No habían transcurrido aún los sesenta (60) días que tenía el Estado para presentar dicho recurso allí, que debían contarse a partir de la fecha de la notificación de la orden del tribunal de instancia que resolvió definitivamente la moción de reconsideración. El Tribunal de Circuito de Apelaciones, pues, erró al resolver, como lo hizo, que carecía de jurisdicción para considerar el recurso de apelación del Estado, porque el término para apelar supuestamente había vencido "sin que se hubiera resuelto la moción de reconsideración, ni interrumpido el término para apelar, ni radicado el recurso de apelación".

## IV

Lo anterior no concluye nuestro análisis de este caso. Como se ha indicado antes, aquí estaba presente otro asunto que fue planteado sucintamente por la parte demandante ante el foro apelativo, pero que éste no atendió, aunque podía ser determinativo del resultado en este caso y que debemos dilucidar para dejar el asunto aclarado.

La moción de reconsideración en cuestión no fue notificada a la parte contraria por su promovente dentro del término jurisdiccional de quince (15) días que fija la Regla 47 de Procedimiento Civil, *supra*, para presentar tal moción.(³) En su escrito ante el Tribunal de Circuito de Apelaciones, la parte demandada apelante admitió haber notificado su moción de reconsideración pasados los quince (15) días referidos. Adujo escuetamente que no era necesario hacer dicha notificación dentro del término para presentar la reconsideración. La parte demandante apelada, en cambio, insistió allí en que el término jurisdiccional para presentar la moción de reconsideración se extendía también a la *notificación* de dicha moción.(⁴) De tener razón esta parte en su planteamiento, es evidente que el tribunal apelativo no hubiese tenido jurisdicción para entender en el recurso de apelación en cuestión, independientemente de lo discutido antes en esta opinión. De existir un requisito *jurisdiccional* de notificar la moción de reconsideración, dentro del mismo término que fija la citada Regla 47 para su presentación, el tribunal de instancia tampoco hubiese tenido jurisdicción para acoger la moción que nos concierne en este caso. Por lo tanto, ¿existe en ley tal requisito jurisdiccional de notificación con respecto a las mociones de reconsideración en instancia?

Para resolver esta interrogante es menester notar que invariablemente en las situaciones que hemos determinado que un requisito de notificación tiene carácter jurisdiccional, ello se ha debido a que existía ya alguna dispo-

---

(³) Reiteradamente hemos resuelto que se trata de un término jurisdiccional. *Barletta v. Tribunal Superior*, 100 D.P.R. 690 (1972); *Rodríguez v. Rodríguez*, 98 D.P.R. 744 (1970); *Barreto v. Sherris Caribbean, Inc.*, 92 D.P.R. 859 (1965); *López Rivera v. Autoridad Fuentes Fluviales*, 89 D.P.R. 414 (1963); *González v. Am. Surety Co.*, 71 D.P.R. 354 (1950).

(⁴) Tanto en su oposición a la moción de reconsideración como en su moción de desestimación ante el foro apelativo, la parte demandante apelada apoya su alegación de que la notificación de dicha moción debe hacerse jurisdiccionalmente dentro del término para presentarla, estrictamente en tres decisiones nuestras, *ninguna de las cuales trata sobre este asunto*, sino sobre la notificación de los recursos de revisión.

sición de ley consonante con tal determinación. Así, pues, en *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635 (1991), resolvimos que la notificación a las otras partes del pleito de una solicitud de revisión judicial de una decisión administrativa es un requisito de carácter jurisdiccional, y nos amparamos para así resolver en el lenguaje de la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico que, en lo pertinente, dispone expresamente que "la parte notificará ... la solicitud de revisión ... a todas las partes dentro del término para solicitar dicha revisión". 3 L.P.R.A. sec. 2172.

Igualmente, en *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48 (1989), resolvimos que la notificación de un escrito de apelación del Tribunal de Distrito al Tribunal Superior es un requisito jurisdiccional y nos amparamos para así resolver en el lenguaje de la Regla 53.2 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, que expresamente dispone que "el apelante notificará la presentación del escrito de apelación a todas las partes ... dentro del término para apelar".

En *Cruz v. Flamingo Homes, Inc.*, 102 D.P.R. 490 (1974), aclaramos cuál era el término jurisdiccional para la notificación de una solicitud de revisión ante este Tribunal, amparándonos precisamente en lo dispuesto en la Ley Núm. 97 de 2 de junio de 1967 (32 L.P.R.A. Ap. II). Señalamos allí que dicho término jurisdiccional había cambiado en virtud de una enmienda legislativa al término que regía antes. De ese modo, reiteramos la normativa sostenida por muchas décadas, con arreglo a la cual la determinación de los efectos de la falta de notificación del escrito de apelación ante nos depende de lo que el Legislador haya dispuesto. Véanse: *Ortiz Rivera v. Agostini*, 93 D.P.R. 221 (1966); *Casasús v. White Star Bus Line*, 58 D.P.R. 865 (1941); *Villegas v. Sucn. McCormick*, 40 D.P.R. 890, 893 (1930); *Nieves v. Müllenhoff et al.*, 22 D.P.R. 528 (1915); *Candelas v. Ramírez et al.*, 20 D.P.R. 33 (1914).

■     La Regla 47 de Procedimiento Civil de Puerto Rico, *supra*, no dispone nada sobre la notificación de las mociones de reconsideración. En cambio, la Regla 48 de Procedimiento Civil sobre nuevo juicio, sí dispone expresamente que la moción de nuevo juicio debe notificarse a la otra parte. 32 L.P.R.A. Ap. III. *Esta ausencia de disposición alguna sobre la notificación de las mociones de reconsideración y, en particular, la ausencia de un expreso mandato legislativo sobre el término dentro del cual deban notificarse, nos impide resolver por puro fíat judicial que la notificación de dichas mociones dentro del término para presentarlas es un requisito jurisdiccional.* Debe tenerse en cuenta que la atribución de carácter *jurisdiccional* a una medida procesal tiene, evidentemente, graves consecuencias. Tiende a privar al foro judicial de autoridad para entender en un asunto y a privar a las partes de la oportunidad de ser oídas. En lo que aquí nos concierne concretamente, tendería a privar al tribunal sentenciador de la importante función de corregir sus propios errores. Por eso hemos señalado, aunque en otro contexto, que sólo puede determinarse la falta de jurisdicción de un tribunal sobre algún asunto si ello "se ha dispuesto claramente por ley". *Junta Dir. Cond. Montebello v. Fernández*, 136 D.P.R. 223 (1994). Ello no sucede de ningún modo aquí.

Por todo lo anterior, resolvemos que la falta de notificación por el Estado de su moción de reconsideración dentro del término reglamentario, en el caso de autos, no constituye un defecto jurisdiccional.

## V

Nos queda un asunto por dilucidar: ¿debe notificarse la moción de reconsideración a la parte contraria, a su promovente, aunque tal notificación no constituya un requisito jurisdiccional?

■     Las Reglas de Procedimiento Civil vigentes preco-

nizan como norma general que toda moción o alegación sea notificada a todas las partes del pleito y que éstas —si lo interesan— puedan comparecer a oponerse o apoyar lo solicitado. A ello responde lo que se dispone concretamente en la Regla 8.4 y en la Regla 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Se trata de una filosofía procesal que auspicia que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y puedan expresarse sobre todos los desarrollos en éste. 4A *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 1141, pág. 402 (1987).

■ Con arreglo a lo anterior, es evidente que el promovente de la moción de reconsideración debe notificarla a la parte contraria, a la misma vez que presenta dicha moción a la consideración del tribunal de instancia.[5] De ese modo, la parte contraria queda enterada pronto de la medida tomada por el promovente y puede anticipar sus propios pasos con respecto a los próximos eventos procesales del caso. Más importante aún, en casos en los cuales se va a acoger la moción, tal notificación le permite al tribunal poder ordenar lo que proceda a la parte contraria, sujeto a términos más breves que los que tendría que conceder si la notificación no se hubiese hecho ya, lo que permite agilizar la consideración definitiva de la moción.

■ Conforme a lo anterior, pues, resolvemos que aunque la notificación por el promovente de una moción de reconsideración dentro del término fijado para presentarla no es de carácter jurisdiccional, dicha moción debe notifi-

---

[5] Existen algunas decisiones antiguas de este Tribunal que resuelven que una moción de reconsideración tiene carácter *ex parte* y que por ello no es necesario que se notifique a la parte contraria, al promovente, hasta tanto el tribunal de instancia decida que va a acoger dicha moción. *Gual v. Tribl. de Distrito*, 71 D.P.R. 305 (1950); *Ferrari v. American Railroad Co.*, 39 D.P.R. 49 (1929); *Ramos Anaya v. López*, 36 D.P.R. 675 (1927); *Calaf v. Gallardo*, 36 D.P.R. 147 (1927). Se trata de decisiones que fueron emitidas antes de que nuestras actuales reglas procesales estuviesen vigentes. Dichas decisiones no reflejan la filosofía procesal moderna y por ende han perdido actualidad.

carse dentro del término referido, y que ello, prospectivamente, constituye un requisito de *cumplimiento estricto.*

## VI

Por los fundamentos expuestos, *se dictará sentencia para expedir el certiorari solicitado y revocar la Resolución del Tribunal de Circuito de Apelaciones de 13 de diciembre de 1996. Se devolverá el caso de autos a dicho foro para que atienda en sus méritos el recurso de apelación presentado allí por el Estado.*

El Juez Asociado Señor Hernández Denton emitió una opinión de conformidad. El Juez Asociado Señor Rebollo López concurrió con el resultado. El Juez Asociado Señor Negrón García emitió una opinión disidente, a la cual se unió el Juez Asociado Señor Corrada Del Río.

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Hernández Denton.

Estamos conformes con lo resuelto por este Tribunal en términos de que el foro de instancia conservaba jurisdicción para acoger la moción de reconsideración que fue presentada por el Estado dentro del término que las partes tenían para acudir a un foro de mayor jerarquía y que, por lo tanto, el Tribunal de Circuito de Apelaciones erró al desestimar el recurso de *certiorari* posteriormente presentado por el Estado. De igual forma estamos conformes con la determinación de que, por imperativo estatutario, no puede presumirse que la notificación de una moción de reconsideración a la parte o las partes adversas dentro del período que toda parte posee para presentarla en el tribunal es de carácter jurisdiccional; pero que, debido a la naturaleza de los intereses involucrados y las diversas dispo-

siciones estatutarias implicadas, el requisito de notificar la moción de reconsideración a la parte o las partes adversas es de cumplimiento estricto.

## I

Por imperativo de la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III,([1]) toda moción de reconsideración debe ser presentada dentro del término de quince (15) días desde la fecha de la notificación si se trata de una orden o resolución o dentro de los quince (15) días desde el archivo en autos de la copia de la notificación de la sentencia. Como se sabe, este término es de carácter jurisdiccional. *Barreto v. Sherris Caribbean, Inc.*, 92 D.P.R. 859 (1965); *El Mundo, Inc. v. Tribunal Superior*, 92 D.P.R. 791 (1965). Por ello, si la parte que desea que un tribunal reevalúe alguna determinación no actúa presentando la moción en ese término, no puede valerse del mecanismo establecido en la Regla 47 de Procedimiento Civil, *supra.*

Sin embargo, la presentación de una moción de reconsideración no tiene el efecto de interrumpir automáticamente el término para solicitar la revisión de un dictamen de un tribunal. Para que ello ocurra es necesario que el foro judicial acoja la moción. Por ello, la Regla 47 de Procedimiento Civil, *supra*, establece un término directivo dentro del cual los tribunales deben actuar para que la

---

([1]) La Regla 47 de Procedimiento Civil dispone, en lo pertinente:

"La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano. 32 L.P.R.A. Ap. III.

parte que presenta la moción de reconsideración entienda que ésta ha sido acogida y evite, así, que expire el plazo que toda parte tiene para acudir ante un foro de mayor jerarquía, en espera de que el foro de instancia se exprese sobre la moción de reconsideración.[2] Así, pues, si el Tribunal de Primera Instancia no actúa dentro del término de diez (10) días a partir de la presentación de la moción, se entiende que el término para acudir ante un tribunal apelativo no ha sido interrumpido. *Villanueva v. Hernández Class*, 128 D.P.R. 618 (1991); *Rodríguez Rivera v. Autoridad Carreteras*, 110 D.P.R. 184 (1980); *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644 (1979). La única excepción que hemos reconocido a esta norma ocurre si el promovente de la moción de reconsideración puede demostrar que el juez no la tuvo ante su consideración dentro del término de diez (10) días de presentada por error o negligencia de los funcionarios del tribunal. *Villanueva v. Hernández Class*, supra.

Sin embargo, hemos afirmado en el pasado que aún cuando los tribunales no acojan la moción de reconsideración dentro del plazo de diez (10) días luego de su presentación, el foro de instancia conserva jurisdicción para acogerla y dilucidarla siempre y cuando actúe dentro del plazo que poseen las partes para acudir ante un foro de mayor jerarquía. *Pueblo v. Mojica Cruz*, 115 D.P.R. 569 (1984); *Torres Torres v. Tribunal Superior*, 101 D.P.R. 277 (1973); *El Mundo, Inc. v. Tribunal Superior*, supra. El foro a quo puede incluso denegar la moción de reconsideración y acogerla posteriormente, siempre y cuando lo haga dentro del término que la parte tiene para apelarla o revisarla. En esta situación se justifica tal proceder por el hecho de que

[2] Notamos que según los cambios introducidos en 1996 en la estructura judicial, tal posibilidad no existe en el caso de la moción de reconsideración presentada ante el Tribunal de Circuito de Apelaciones, ya que el término para acudir ante este foro para cuestionar una resolución o sentencia de ese foro comienza a transcurrir desde el archivo en autos de la copia de la notificación de la resolución o sentencia que resuelve definitivamente la moción de reconsideración. 32 L.P.R.A. Ap. III.

la resolución o sentencia, cuya reconsideración ha sido solicitada, no ha advenido final y firme.

Por otro lado, la Regla 47 de Procedimiento Civil, *supra*, a diferencia de las reglas que regulan los recursos de apelación y revisión, nada dispone de forma específica con respecto a la notificación de la moción a la parte o las partes adversas. Es la Regla 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la que dispone que los escritos presentados en el tribunal deben ser notificados a todas las partes, excepto cuando las propias Reglas de Procedimiento Civil o el tribunal indiquen lo contrario. Véase, además, la Regla 67.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Somos del criterio de que ante la ausencia de una clara expresión legislativa no puede presumirse el carácter jurisdiccional de la notificación de la moción de reconsideración a la parte o las partes adversas. Por ello, coincidimos con la opinión del Tribunal cuando resuelve que no es un requisito jurisdiccional notificar a todas las partes del pleito dentro del término de quince (15) días prescrito por la regla.

Ahora bien, resuelto lo anterior, ¿hay que notificar la moción de reconsideración a la parte adversa? Y de ser así, ¿en qué momento?

Independientemente de sus méritos, en buena práctica judicial adjudicativa todas las partes en un pleito deben conocer los planteamientos de derecho que subsisten en los tribunales y que en su día pudieran ser adjudicados, más aún cuando un tribunal que tiene ante sí una moción de reconsideración puede acogerla durante todo el término que las partes tienen para acudir a un foro de mayor jerarquía. *Pueblo v. Mojica Cruz*, supra; *Torres Torres v. Tribunal Superior*, supra; *El Mundo, Inc. v. Tribunal Superior*, supra.

Asimismo, la oportuna notificación de una moción de reconsideración a la parte o las partes adversas, les permite oponerse por escrito a ella, sin que el tribunal lo re-

quiera, llevando así al juzgador aquellos planteamientos que a su juicio hagan improcedente reconsiderar la determinación del tribunal. Nótese que en esta situación, el tribunal tendría ante sí las posiciones de las partes involucradas, lo cual le permitiría adjudicar prontamente la moción de reconsideración sin la dilación que implicaría ordenar la celebración de una vista.

Resulta significativo destacar que las mociones de reconsideración presentadas ante el Tribunal de Circuito de Apelaciones y ante el Tribunal Supremo están claramente matizadas por lo dispuesto en los respectivos reglamentos. Al respecto, éstos establecen que todo escrito presentado tanto ante el Tribunal de Circuito de Apelaciones como ante nos, debe ser notificado a *todas las partes* y que dicha gestión se hará constar en el propio escrito. Véanse: Regla 71 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, y Regla 39 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A.

En específico, el Reglamento de este Tribunal señala en su Regla 39(b), 4 L.P.R.A. Ap. XXI-A, que "[c]ualquier escrito posterior [a los recursos instados ante este Foro] que se presente será notificado simultáneamente a las partes". Una disposición similar está contenida en la Regla 71 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*.

Aunque no hemos encontrado una disposición análoga para el Tribunal de Primera Instancia, los fundamentos prácticos que justifican la existencia de esa regla en el foro apelativo son extensivos a las mociones de reconsideración ante el Tribunal de Primera Instancia.

Ante todo lo anterior, estamos conformes con resolver que, aunque la notificación de una moción de reconsideración a la parte adversa dentro del término de quince (15) días que una parte tiene para presentarla en el tribunal no es de carácter jurisdiccional, sí es de cumplimiento es-

tricto, por lo que de no presentarla en dicho término el promovente deberá demostrar justa causa para la dilación. De este modo, en ausencia de una intención legislativa que establezca que tal notificación es un requisito jurisdiccional, la deficiencia en notificarla dentro del término de quince (15) días no debe ser concebida como un defecto que impida al tribunal considerarla, siempre y cuando la parte promovente acredite las razones que justifican esa dilación.

Nos parece que la norma adoptada hoy por este Tribunal concilia adecuadamente las diversas disposiciones reglamentarias involucradas que atienden el asunto ante nuestra consideración, sin que represente una carga onerosa para el tribunal o las partes.

$$-\text{O}-$$

Opinión disidente del Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Corrada Del Río.

Si interpretamos armoniosa y lógicamente las Reglas 47, 67.1 y 67.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, será forzoso reconocer que *una moción de reconsideración en un caso contencioso —que por su naturaleza no es ni puede estimarse ex parte— debe ser notificada dentro del período jurisdiccional de quince (15) días.*

I

*Según nuestro ordenamiento procesal moderno, es* elemental la obligación de notificar todos los escritos a las partes adversas no en rebeldía. Así lo *ordena* la Regla 67.1 de Procedimiento Civil al disponer, en lo pertinente, que "[e]xcepto cuando otra cosa se disponga en estas reglas ... *toda moción escrita que no pueda ser oída ex-parte se notificará a cada una de las partes*". (Énfasis suplido.)

En virtud de la Regla 67.4 de Procedimiento Civil, *supra*, ([1]) *la norma general establecida para dar fiel cumplimiento a este mandato es que la notificación se haga previa o simultáneamente a la presentación del escrito.*([2]) *Es una simultaneidad relativa, pues difícilmente puede lograrse que al mismo instante de presentarse el escrito en la Secretaría se haga el depósito en el correo o se realice la entrega personal.* En términos temporales, la simultaneidad implica el mismo día, antes de la medianoche. *Campos del Toro v. Amer. Transit Corp.*, 113 D.P.R. 337, 348 (1982) (Resolución en reconsideración); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Vol. II, pág. 298.

Esa *cronología procesal* se desprende diáfanamente del trámite pautado en la Regla 67.4 de Procedimiento Civil, *supra*, que sin ambages requiere, excepto la demanda y una apelación, la presentación en el Tribunal de todo escrito "bien antes de su notificación o dentro de un término razonable después de la misma". Las únicas dos (2) excepciones, demanda y apelación, tienen clara justificación. Veamos.

Es de conocimiento público, los miles de documentos que se presentan a diario en los tribunales del país. Si no están correctamente identificados en epígrafe y número no pueden ser unidos a los expedientes correspondientes.

---

([1]) La Regla 67.4 de Procedimiento Civil dispone, en lo pertinente:

"Todo escrito posterior a la demanda, con excepción del escrito de apelación, se presentará en el tribunal, bien antes de su notificación o dentro de un término razonable después de la misma ...". 32 L.P.R.A. Ap. III.

([2]) La Regla 39(b) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, y la Regla 71(A) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, efectivos el 1ro de mayo de 1996 especifican y disponen esa *simultaneidad.*

La Regla 5(d) de Procedimiento Civil federal, 42 U.S.C., provee que las mociones que se tengan que notificar, se notifiquen primero y luego se presenten al Tribunal para certificar la notificación.

Por su parte, la Regla Local (*Local Rule*) sec. 311(3) para la Corte de Distrito federal para el Distrito de Puerto Rico exige la notificación mediante copia de las mociones a las demás partes en o antes de la fecha cuando se presenten en la Secretaría. Tales documentos han de indicar la fecha y método como se han notificado, con los nombres y las direcciones de todas las personas que serán notificadas.

Sabido es que la presentación de la demanda inicia el pleito y ella exige la notificación personal a través del emplazamiento, lo cual presupone su expedición con el epígrafe y número que *por primera vez* lo identifica. Obviamente, una vez el caso está debidamente identificado y se ha emplazado, es que puede exigirse que todo escrito posterior, solicitud de prórroga, contestación y otros sean notificados.

Igual ocurre con la apelación. Hasta que se presenta *por primera vez*, se desconoce el número correspondiente ante el foro apelativo, que será distinto al de instancia. De paso, ello explica por qué tradicionalmente las reglas sobre apelación y revisión han exigido en disposiciones separadas que se notifique el recurso concernido dentro del término jurisdiccional.

*A esta realidad jurídico-procesal-administrativa responde la práctica forense generalizada de certificar y acreditar la notificación de todo escrito presentado en la última página, parte inferior, bajo la firma del abogado.* Tan consciente de esta práctica estaba la abogada de la División de Litigios Generales del Departamento de Justicia, que en el caso de autos certificó(³) *haber* notificado a la representación legal adversa mediante una copia de la moción de reconsideración, cuando en realidad se presentó en el tribunal de instancia el 27 de mayo de 1996 y, *en contravención de las reglas, se depositó en el correo el 8 de abril, esto es, doce (12) días después.*

Recapitulando. La presentación y notificación de todo escrito "deben realizarse conjuntamente, simultáneamente". R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie, 1997, pág. 147. Con *mayor razón, los escritos están sujetos a lí-*

---

(³) No podemos olvidar la solemnidad que representa esa firma al amparo de la Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En lo pertinente, dispone:

"La firma de un abogado equivale a certificar el haber leído el escrito; que de acuerdo con su mejor conocimiento, información y creencia está bien fundado; y que no ha sido interpuesto para causar demora u opresión...."

*mites jurisdiccionales fatales.* Lo contrario desarticula la armonía estructural interna que debe imperar en las reglas.

*Esa notificación previa o simultánea a las partes es el punto de partida ínsito en las reglas, que condiciona la presentación ante el tribunal de todo escrito.* Por las características intrínsecas de los escritos que estén sujetos a términos jurisdiccionales, la falta de notificación previa o simultánea a su presentación (obviamente fuera del término), *es fatal e insubsanable.*

En lo que respecta a la citada Regla 47, el término de quince (15) días es *jurisdiccional y claramente improrrogable.* A su amparo, la *presentación y notificación* de una moción de reconsideración tienen que hacerse dentro de ese período.

## II

Para tratar de superar esta exigencia jurídico-procesal, la mayoría, aunque reconoce que hay que notificar la moción de reconsideración,[4] se ha visto forzada, *primero*, a

---

(4) Una rápida mirada a la evolución jurisprudencial e historial legislativo del trámite referente a las mociones de reconsideración *revela* que el Código de Enjuiciamiento Civil (versiones de 1904 y 1933) *no contenía disposición alguna que reglamentara una reconsideración.* En la práctica, muchas veces los tribunales utilizaban las disposiciones sobre el *relevo de sentencia o nuevo juicio* para canalizar ese tipo de remedio. A su amparo surgieron numerosas controversias y problemas.

Ante esta situación, en *Dávila v. Collazo*, 50 D.P.R. 494, 503–504 (1936), este Tribunal hizo un llamado a la Legislatura para que definiera *"en términos inequívocos"* el procedimiento para obtener la reconsideración de las sentencias, sus efectos y alcance. *La respuesta legislativa* fue la Ley Núm. 67 de 8 de mayo de 1937, que enmendó el Art. 292 del Código de Enjuiciamiento Civil, 32 L.P.R.A. ant. sec. 1251, y "por primera vez dio reconocimiento estatutario a la práctica de radicar mociones de reconsideración". *Guilhon & Barthelemy v. Corte*, 64 D.P.R. 303, 309 (1944). Dicha enmienda, expresamente permitió que cualquier parte agraviada por una sentencia o resolución pudiera "radicar en la corte que hubiere dictado la sentencia o resolución *una petición ex-parte* para la revisión o *reconsideración* de su sentencia o resolución". Esta disposición continuó vigente aún después de las Reglas de Enjuiciamiento Civil de 1943 (32 L.P.R.A. ant. Ap. II). Precisamente, bajo los términos específicos de la Ley Núm. 67 de 1937 que visualizaba una reconsideración como una petición ex parte se resolvió *Gual v. Tribl. de Distrito*, 71 D.P.R. 305 (1950).

*Esa visión legislativa pasó a ser historia antigua con el advenimiento de las Reglas de Procedimiento Civil de 1958, de confección judicial, al ser originadas por*

*ignorar totalmente* lo establecido en la citada Regla 67.4 —ni siquiera su número, por no decir el texto, es mencionado— que *exige* la notificación previa o simultánea *antes* de presentarse la moción de reconsideración en el Tribunal, y *segundo*, caracterizar dicho deber como de *cumplimiento estricto*. Si como admite la mayoría, una moción de reconsideración tiene que presentarse dentro del término jurisdiccional de quince (15) días, ¿qué justificación hay para apartarnos de las Reglas 67.1 y 67.4 de Procedimiento Civil, *supra*, y darle un tratamiento distinto a su notificación previa o simultánea, y sostener que se trata de un término de cumplimiento estricto? *¿Cómo armonizar que su presentación en tiempo ante el Tribunal sea jurisdiccional y no la notificación que le precede o es simultánea? ¿Por qué este desdoblamiento?*

*En este último extremo*, nos preocupa sobremanera que la *interpretación mayoritaria ha exigido una aplicación prospectiva*. La prospectividad de una doctrina jurídica presupone más bien un *cambio*, no una aclaración del Derecho. *Rexach Const. Co., Inc. v. Mun. de Aguadilla*, 142 D.P.R. 85 (1996); *Quiles Rodríguez v. Supte. Policía*, 139 D.P.R. 272 (1995). Si es así, *¿cuál era la norma anterior que regía hasta hoy?* Para la mayoría, *¿no había entonces que notificar la moción de reconsideración? ¿Era de carácter ex parte? ¿No aplicaba antes a las mociones de reconsideración el trámite pautado en la citada Regla 67.4 en cuanto a la notificación previa o simultánea?*

El silencio mayoritario sobre estos aspectos cruciales nos ha impedido detectar la razón para esa prospectividad. Sin conocer cuál era para la mayoría la interpretación an-

---

este *Tribunal al amparo de su facultad constitucional de aprobar reglas* (Art. V, Sec. 6, Const. E.L.A., L.P.R.A., Tomo 1). Estas *derogaron* el Art. 292 del referido Código de Enjuiciamiento Civil, *supra*, y lo suplantaron por la Regla 47 (32 L.P.R.A. Ap. II), antecesora de la vigente aprobada en 1979. *La susodicha Regla 47 eliminó todo vestigio y carácter de petición ex parte de la moción de reconsideración.* En virtud de estos cambios, los pronunciamientos en *Gual v. Tribl. de Distrito*, supra —resuelto en 1950 en virtud del lenguaje legislativo preciso del Art. 292 dispositivo de que la reconsideración era una *petición ex parte*— lógicamente quedaron sin efecto.

terior vigente, difícilmente podemos entender qué justificación hay para decidir que en adelante existe un deber de notificar, ahora de cumplimiento estricto. Repetimos, ¿es que antes no existía? ¿Cuál era la anterior norma que se está modificando y justifica la prospectividad?

## III

La opinión de conformidad del Juez Asociado Señor Hernández Denton *no subsana las fallas expuestas. Primero*, aún cuando estamos interpretando unas reglas de génesis judicial —redactadas y propuestas en su origen por este Tribunal y así aprobadas por la Asamblea Legislativa— nos habla de *"imperativos estatutarios"* y de *"intención legislativa"*. Opinión de conformidad, págs. 623 y 627. En recta hermenéutica, el método apropiado sería examinar la "intención judicial" según las Reglas de 1958 en adelante. *Segundo*, señala que la "Regla 47 de Procedimiento Civil, *supra*, a diferencia de las reglas que regulan los recursos de apelación y revisión, nada dispone de forma específica con respecto a la notificación de la moción a la parte o partes adversas". Íd., pág. 622. *Este aserto es incorrecto*. Al igual la opinión mayoritaria no le da valor a *los mandatos de las Reglas 67.1 y 67.4 de Procedimiento Civil*, supra, *que específicamente contienen las normas generales que exigen las notificaciones previas o simultáneas de todos los escritos, incluso aquellos que están sujetos a términos jurisdiccionales. Tercero, olvida* el principio elemental de hermenéutica de que las reglas han de interpretarse en forma lógica y compatible entre sí.

En lo concerniente a las mociones de reconsideración —cuyos términos son jurisdiccionales— llega al extremo de anticipar y resolver que al amparo de la Regla 39(b) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, y la Regla 71(A) del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, la notificación simultánea requerida siempre a las

partes de todo escrito, ahora sólo es de cumplimiento estricto. Opinión de conformidad, pág. 624.

Con todo respeto, estamos ante un enredo de conceptos extraños a nuestras reglas procesales.

## IV

La conclusión mayoritaria de cambiar el carácter jurisdiccional de la notificación de una moción de reconsideración viola las Reglas 47, 67.1 y 67.4 de Procedimiento Civil, *supra*. Dicha opinión no menciona, analiza ni da peso alguno al mandato de la citada Regla 67.4 pues, de hacerlo, tendría que resolver que la moción de reconsideración del Estado Libre Asociado había que notificarla previa o simultánea a su presentación y, por imperativo lógico, *dentro* del término jurisdiccional de la referida Regla 47.

Creemos que ésta es la razón para que, con una tardanza aproximada de cuarenta (40) años, paradójicamente la mayoría se haya visto compelida a decidir, *con carácter prospectivo*, que la notificación de toda moción de reconsideración debe hacerse rigurosamente (cumplimiento estricto), dentro del término jurisdiccional de quince (15) días de la Regla 47 de Procedimiento Civil, *supra*. Decimos cuarenta (40) años de tardanza porque desde antes de iniciarnos como abogado, según hemos demostrado, según la Regla 47, *supra, adoptada por este Tribunal* en 1958, *se eliminó el carácter ex parte de la moción de reconsideración*, y en acatamiento de las citadas Reglas 67.1 y 67.4, el foro puertorriqueño comenzó la práctica generalizada de notificar previa o simultáneamente a las partes y así certificarlo en la misma moción.

En el caso de autos, la moción de reconsideración se *notificó* a la parte adversa con una demora de doce (12) días *fuera del término jurisdiccional*; veintisiete (27) días de ser final la sentencia. Según la norma vigente, es obvio

que nunca interrumpió el plazo para acudir al reputado Tribunal de Circuito de Apelaciones. *Aún al amparo de la nueva norma mayoritaria de cumplimiento estricto, no se ha demostrado justa causa. Difícilmente esa tardanza justifica dispensar al Estado.*

Confirmaríamos la ausencia de jurisdicción decretada por dicho foro apelativo.