Opinión de conformidad en parte y disidente en parte emitida por el
Juez Asociado Señor Fuster Berlingeri.
Estoy conforme con lo expresado por la mayoría del Tribunal en los acápites I al III de la opinión emitida en el caso de autos. Comparto con la mayoría el claro criterio de que la norma formulada en Lagares v. E.L.A., 144 D.P.R. 601 (1997), aplica también a los procedimientos administrativos. Las agencias como el Departamento de Asuntos del Consumidor (D.A.Co.) tienen la indudable facultad para acoger en cualquier momento una moción de reconsideración debidamente presentada, mientras no haya transcurrido el término para acudir al foro apelativo.
*524 Con lo que no estoy de acuerdo es con el dictamen de la mayoría del Tribunal de darle sólo efecto prospectivo a la aludida norma, reconocida formalmente hoy en el caso de autos. Veamos.
Como principio general, las normas que pautamos en los casos que llegan a nuestra consideración tienen efecto inmediato. Adjudicamos tales casos precisamente aplicando a las partes en disputa las normas que pautamos en dichos casos. Nuestro quehacer judicial se desenvuelve a través de casos y controversias concretas, las cuales resolvemos dictaminando las normas pertinentes, que tienen efecto enseguida. No tenemos facultad para resolver cuestiones jurídicas en abstracto, sino en pleitos reales que adjudicamos haciendo valer en ellos las normas que sean procedentes.
Por vía de excepción, en raras ocasiones decidimos que las nuevas normas pautadas en algún caso habrán de tener sólo efectos prospectivos. Pero ello ocurre muy pocas veces, sólo cuando están presentes circunstancias verdaderamente extraordinarias. Lo hemos hecho cuando en un caso particular formulamos una norma de nuevo cuño, que no era fácilmente anticipable, y cuya inesperada aplicación en dicho caso podía ocasionar resultados sustancialmente injustos para la parte que confió en la norma anterior que quedó desplazada por la nueva norma. Igual lo ha hecho el Tribunal Supremo de Estados Unidos. Véase Chevron Oil Co. v. Huson, 404 U.S. 97 (1971). Hemos hecho hincapié en que la decisión excepcional de darle sólo efecto prospectivo a una opinión normativa nuestra debe fundamentarse “principalmente en consideraciones de política pública y orden social”, Datiz v. Hospital Episcopal, 163 D.P.R. 10 (2004), habiendo reconocido antes que en tales casos nuestro norte debe ser “conceder remedios justos y equitativos que respondan a la mejor convivencia social”. Gorbea Vallés v. Registrador, 131 D.P.R. 10, 16-18 (1992).
Es menester enfatizar el carácter excepcional de la decisión de darle sólo efecto prospectivo a la norma que pauta *525 mos en algún caso. Nótese que al no darle vigencia a tal norma de inmediato y no aplicarla a las partes de ese pleito, nos acercamos a la situación de una opinión consultiva, que nos está vedada. Véase R. Calderón Jiménez, Retroactividad o prospectividad de las decisiones de los tribunales, 53 (Núms. 2-3) Rev. C. Abo. P.R. 107 (abrilseptiembre 1992). Además, si las normas que pautamos tuviesen sólo efecto prospectivo, los litigantes no tendrían interés en acudir ante nos para resolver sus disputas.
No creo que en el caso de autos existen las circunstancias extraordinarias que justifiquen favorecer a la peticionaria Mitsubishi, eximiéndole de la aplicación de la norma medular que se reconoce en este caso. Para comenzar, la norma en cuestión era anticipable, como bien intima la mayoría del Tribunal en su propio dictamen. Era previsible que la norma de Lagares v. E.L.A., supra, se aplicaría a los procedimientos administrativos, en vista de que en nuestro ordenamiento jurídico rige el principio de que las reglas judiciales son extensibles al ámbito administrativo por analogía si son compatibles y ello propicia soluciones justas, rápidas y económicas. Pérez v. VPH Motor Corp., 152 D.P.R. 475 (2000); Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 D.P.R. 816 (1999); Pérez Rodríguez v. P.R. Park. Systems, Inc., 119 D.P.R. 634 (1987).
Además, era claramente previsible que la norma en cuestión de Lagares v. E.L.A., supra, se extendería a las agencias administrativas, porque ya en Febles v. Romar, 159 D.P.R. 714 (2003), habíamos aplicado otro aspecto de la norma de Lagares v. E.L.A., supra, precisamente al proceso administrativo: el término para notificar una moción de reconsideración a las partes restantes en un pleito es de cumplimiento estricto. En aquel momento sí se justificaba darle efecto prospectivo a nuestra decisión, “en vista de que extendíamos] por primera vez al ámbito administrativo la norma establecida en Lagares v. E.L.A. ...”. (Enfasis suplido.) Febles v. Romar, supra, pág. 723. El hecho de que *526 recientemente ya habíamos aplicado un aspecto de Lagares v. E.L.A., supra, a los procedimientos administrativos debió haber sido aviso suficiente para Mitsubishi de que el resto de la norma de dicho caso aplicaría a su caso.
Más aún, el propio Reglamento de Procedimientos Adjudicativos de D.A.Co., Reglamento Núm. 6219 de 18 de octubre de 2000, en su Regla 28.2, expresamente dispone que dicha agencia “podrá reconsiderar sus resoluciones ... antes de que expire el término para radicar revisión judicial”. Es decir, la propia agencia involucrada en el caso de autos ya tenía incorporada a su Reglamento la norma que habíamos sentado en Lagares v. E.L.A., supra, y que aquí nos concierne. Al amparo de esta disposición reglamentaria, D.A.Co. acogió la moción de reconsideración presentada por Mitsubishi. No obstante, cuando D.A.Co. le dio un término a la parte que se había querellado contra Mitsubishi, para que replicara a la moción de reconsideración aludida, Mitsubishi optó por abandonar el procedimiento administrativo y recurrió al foro apelativo. Este Foro entonces le dio un término a Mitsubishi para mostrar causa por la cual no debía desestimar su recurso por prematuro, precisamente al amparo de lo resuelto en Lagares v. E.L.A., supra. Mitsubishi contestó la orden referida atacando la aplicabilidad de dicho caso al proceso administrativo. Es decir, a pesar de lo que ya habíamos hecho en Febles v. Romar, supra, a pesar de lo dispuesto en la Regla 28 del Reglamento de D.A.Co., supra, y a pesar de lo intimado por el foro apelativo sobre la aplicabilidad de Lagares v. E.L.A., supra, Mitsubishi optó por hacerse de la vista larga y atacar la otra aplicación de Lagares al proceso administrativo, que este Tribunal hoy reconoce formalmente.
Es por lo anterior que no puedo estar de acuerdo con la apreciación de la mayoría del Tribunal de que la aplicación de Lagares v. E.L.A., supra, a los procedimientos administrativos en este caso “conllevaría, en cierto modo, ... una injusticia contra ... Mitsubishi ..." (Énfasis suplido.) Opi *527 nión mayoritaria, pág. 523. No hay tal injusticia: la aplicación de Lagares v. E.L.A., supra, aquí no sólo era claramente previsible por lo ya indicado, sino que ya D.A.Co. así lo había provisto en su Reglamento y el foro apelativo se lo había intimado claramente a Mitsubishi. Por lo tanto, si hubiese alguna consecuencia adversa para la peticionaria, sería autoinfligida.
No hay en este caso ninguna sorpresa adversa que justifique apartamos de la norma y darle sólo efectos prospectivos a nuestro dictamen medular aquí. Lo que hay es la obstinación de Mitsubishi en no admitir una normativa clara y obvia. Mitsubishi optó por ignorar tal normativa, y ello tiene consecuencias. No debe este Foro “cogerle pena” a una parte que actuó tan deliberadamente.
Como la mayoría prefiere seguir aquí un curso que para mí es desacertado, yo DISIENTO respecto a esa parte de su opinión.