ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| B BILLBOARD NC, LLC<br><br>Apelante<br><br>v.<br><br>OUT OF HOME MEDIA, LLC<br><br>Apelados | KLAN202300880 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV03691<br><br>Sobre: Interdicto Estatuario al Amparo de la Ley Núm. 161-2009 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de noviembre de 2023.

Comparece ante *nos*, B Billboard NC, LLC (parte apelante), y nos solicita que revisemos y revoquemos la *Sentencia* emitida el 30 de agosto de 2023 y notificada el 31 de agosto de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Moción de Desestimación por Falta de Jurisdicción Sobre la Materia* que presentó Out of Home Media, LLC (parta apelada). En consecuencia, el foro recurrido desestimó la *Petición de Interdicto Estatutario* que presentó la parte apelante por falta de legitimación activa.

Por los fundamentos que se exponen a continuación, *desestimamos* el recurso de apelación por académico.

**I.**

Según surge del expediente de epígrafe, el 5 de julio de 2023, la parte apelante presentó una *Petición de Interdicto Estatutario* al amparo del Artículo 14.1 de la Ley Núm. 161 de 1 de diciembre de 2009[1], conocida como la Ley para la Reforma del Proceso de

---

[1] (23 LPRA sec. 9024).

Número Identificador

SEN2023_____

Permisos de Puerto Rico (Ley Núm. 161-2009) y de la Ley Núm. 355 de 22 de diciembre de 1999[2], conocida como la Ley Uniforme de Rótulos y Anuncios de Puerto Rico (Ley Núm. 355-1999), en contra de la parte apelada. A grandes rasgos, alegó que la parte apelada opera una valla publicitaria de exterior sin los permisos ni autorizaciones correspondientes. Señaló que la parte apelada es una competidora cuyos intereses se ven afectados por la operación clandestina por la cual se reclama. Indicó, además, que el permitirle a una empresa o persona operar comercialmente una obra sin permiso de uso o de instalación es una competencia desleal, la cual genera desventaja competitiva en la industria.

Asimismo, arguyó que sufre un daño directo por las actuaciones y omisiones de la apelada al colocarle en desventaja, ya que opera clandestinamente una vaya digital que repercute en la seguridad del tránsito vehicular. Además, la parte apelante manifestó que se ve afectada al tener que competir de forma desleal con una empresa que no cumple con los requisitos de ley para operar sus vallas, lo que repercute en los gastos a los que se enfrentan las empresas que sí observan los rigores de ley y reglamentación. Añadió que dicha actuación constituye una desventaja injustificada.

Luego de varios incidentes procesales, el 11 de julio de 2023, la parte apelada presentó una *Solicitud de Desestimación Sumaria*. En apretada síntesis, adujo que procedía la desestimación de la *Petición de Interdicto Estatutario* porque la misma deja de exponer una reclamación que justifique la concesión de un remedio. Esbozó que basta una lectura de la petición para percatarse que la misma no es más que una mera transcripción de disposiciones legales y procesales con ninguna o muy poca referencia a hechos concretos que permitan al Tribunal y a las partes entender de que se trata la

---

[2] (9 LPRA sec. 51 *et seq.*).

reclamación. Así, aclaró que la alegación de que no cuenta con permiso para la operación de la valla publicitaria es una conclusoria, sin referencia a hechos concretos en los que se basa tal imputación. Agregó que la *Petición de Interdicto Estatutario* no fue juramentada, ni fue acompañada de una certificación negativa de la agencia para sostener la presunta ausencia de permiso.

El 14 de julio de 2023, la parte apelada presentó una *Moción Suplementando la Solicitud de Desestimación Sumaria.* En la misma, reiteró su solicitud de desestimación. Arguyó que, según surge del *Single Business Portal* (SBP), el *billboard* objeto de esta controversia cuenta con un Permiso para la Instalación de Rótulos y Anuncios (PRA) expedido por la Oficina de Gerencia de Permisos (OGPe) y que se encuentra en el proceso de renovación del permiso bajo el caso 2022-420602-017454.

Así, el 31 de julio de 2023, la parte apelante presentó una *Oposición a Solicitud de Desestimación.* En esta, planteó que en sus escritos la parte apelada ha pasado por alto explicar por qué opera una valla publicitaria sin permiso y cómo defiende esa actividad clandestina, ante el hecho cierto de que, el 2 de junio de 2023, el permiso de instalación venció. Adujo que la parte apelada solicitó la renovación del permiso el 6 de julio de 2023, es decir, tardíamente. Aseveró que al permiso no ser una concesión automática ni obligatoria por parte de la OGPe, no enviste a la parte apelada del derecho a operar la valla en cuestión ni sustenta una desestimación, mientras el uso comercial no está autorizado conforme al ordenamiento.

El 8 de agosto de 2023, el TPI emitió una *Resolución y Orden* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación que presentó la parte apelada. Consecuentemente, el 11 de agosto de 2023, la parte apelada presentó una *Moción de Desestimación por Falta de Jurisdicción sobre la Materia.* En síntesis, expresó que la parte apelante no posee un interés propietario o personal que podría verse adversamente afectado por la operación del *billboard* objeto del

pleito, por lo que, a la luz del derecho aplicable, la parte apelante no tiene legitimación activa. Indicó que el Artículo 14.1 de la Ley Núm. 161-2009, *supra,* exige que, para interponer una petición de interdicto, el solicitante deberá estar legitimado. Así pues, sostuvo que, de un análisis de las alegaciones contenidas en la *Petición de Interdicto Estatutario,* aun asumiéndolas como ciertas, no se puede determinar la existencia de algún daño o lesión real e inmediata a los intereses particulares de la parte apelante causados por la operación de la valla publicitaria. Concluyó que, la parte apelante no había establecido la existencia de una controversia genuina y justiciable, ya sea en términos estatutarios o constitucionales, que permita la intervención del Tribunal.

Oportunamente, el 21 de agosto de 2023, la parte apelante presentó una *Oposición a Moción de Desestimación por Falta de Jurisdicción sobre la Materia.* En la misma, acentuó que la *Petición de Interdicto Estatutario* estableció con suficiencia – dentro de la doctrina de justiciabilidad – cuál es su legitimación para pedir el remedio que invoca. Planteó que la parte apelada es competidora en la industria de vallas de publicidad exterior y que posee un derecho propietario como dueña de una valla que radica a 797 metros de distancia de la valla de la apelada sin autorización válida para ello.

Asimismo, la parte apelante sostuvo que el permitirle dichas actuaciones a la apelada constituye una competencia desleal, que genera una ventaja competitiva injusta e indeseable en la industria. Por último, enfatizó que las prácticas ilícitas de la apelada afectan el funcionamiento del mercado y que hay un daño directo que podría resultar de la operación ilegal, el que repercute en la seguridad del tránsito vehicular.

Subsiguientemente, el 30 de agosto de 2023, el TPI emitió una *Sentencia,* notificada el 31 de agosto de 2023, mediante la cual desestimó la causa de acción por falta de legitimación activa. El foro

de instancia razonó que la parte apelante no tiene legitimación activa para llevar el pleito de autos a la luz de lo exigido en la jurisprudencia y en el Artículo 14.1 de la Ley Núm. 161-2009, *supra*. Enunció, además, que en sus alegaciones la parte apelante no demostró que tiene un interés sustancial en controversia o que se haya visto adversamente afectada. Finalmente, dispuso que reclamar solo competencia desleal no es suficiente y que el alegado daño no es concreto, ni real.

Inconforme con esa determinación, el 2 de octubre de 2023, la parte apelante presentó una *Apelación Civil* y señaló la comisión de los siguientes errores:

**PRIMER ERROR: Erró el Tribunal de Primera Instancia al exigir un estándar más riguroso que el aplicable a la Parte Apelante para invocar el remedio particular estatutario de autos, incongruente con la letra y propósito del estatuto creador del remedio, el cual concibe que la parte legitimada para obtener el remedio es una parte que "podría" resultar adversamente afectada en un interés propietario o privado.**

**SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al desestimar la causa de acción sobre interdicto estatutario por falta de legitimación activa a pesar de que la Parte Apelante demostró dicha legitimación y ello satisfizo el requisito de justiciabilidad judicial a tenor del mandato legislativo contenido en el Artículo 14.1 de la Ley Núm. 161-2009.**

**TERCER ERROR: Erró el Tribunal de Primera Instancia al decretar que la Parte Apelante no demostró que tiene un interés sustancial en la controversia o que se haya visto adversamente afectada.**

**CUARTO ERROR: Erró el Tribunal de Primera Instancia al entender en la tercera moción al amparo de la Regla 10.2 de Procedimiento Civil que presentara la Parte Apelada, adjudicando a su favor la misma, a pesar de que esta venía obligada a incluir todas las defensas u objeciones al amparo de la Regla 10.2 que le asistieran en una misma moción, estando impedida de poder presentar una subsiguiente moción fundada en alegaciones omitidas y renunciadas.**

Examinado el recurso de apelación, este Tribunal emitió una *Resolución* el 13 de octubre de 2023, concediéndole un término de veinte (20) días a la parte apelada para que expresara su posición al recurso. El 6 de noviembre de 2023, la parte apelada presentó una

*Solicitud de Desestimación del Recurso de Apelación por Academicidad y Alegato de la Parte Apelada.* Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

## A. Jurisdicción

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *MCS Advantage, Inc. v. Fossas Blanco*, 2023 TSPR 8, 211 DPR ___ (2023). Así pues, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020).

Así, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980). Pues, la ausencia de jurisdicción puede conllevar la nulidad de los dictámenes emitidos. *Allied Mgmt. Group, Inc. v. Oriental Bank, supra.* En efecto, la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación,* 171 DPR 46 (2007). Incluso, aunque las partes no lo planteen, estamos obligados a velar por nuestra jurisdicción. *Lagares Pérez v. E.L.A.,* 144 DPR 601 (1997). Por lo cual, es norma reiterada que las cuestiones jurisdiccionales son de índole privilegiada y deben ser resueltas con preferencia. *Allied Mgmt. Group, Inc. v. Oriental Bank, supra.*

Así, la falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6)

puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

Cónsono con lo anterior, este Tribunal de Apelaciones puede desestimar, *motu proprio,* un recurso por carecer de jurisdicción.[3] Así pues, la Regla 83(C) de nuestro Reglamento, *supra,* nos concede la facultad de desestimar por iniciativa propia, un recurso de apelación por los siguientes fundamentos:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) **que el recurso se ha convertido en académico**. (Énfasis nuestro.)

### B. Academicidad

El principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. *Hernández Montañez v. Parés Alicea,* 208 DPR 727 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón,* 135 DPR 406, 420 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio

---

[3] Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A.

que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo,* 80 DPR 552, 558-559 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) **cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico**; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la acción presentada. (Énfasis nuestro). *Noriega v. Hernández Colón, supra,* a la pág. 421.

Así pues, entre los elementos a evaluar para determinar si un caso es justiciable se encuentran, si después que ha comenzado el pleito, hechos posteriores lo convierten en académico. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 932 (2011). Nuestro Tribunal Supremo ha expresado que "[l]a academicidad recoge la situación en que, aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del pleito". *UPR v. Laborde Torres y otros I,* 180 DPR 253, 280 (2010). Véase, además, *Báez Díaz v. ELA,* 179 DPR 605, 617 (2010).

Un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto

el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C.,* 149 DPR 836, 846 (1999).[4]

La doctrina de la academicidad tiene como fin: "(1) evitar el uso innecesario de los recursos judiciales; (2) asegurar que haya la adversidad suficiente para que las controversias se presenten y defiendan competente y vigorosamente; y (3) evitar precedentes innecesarios". *UPR v. Laborde Torres y otros I, supra,* pág. 280.

Una vez se determina que un pleito es académico, por imperativo constitucional —ausencia de caso o controversia—, o autolimitación judicial, los tribunales deben abstenerse de considerarlo en sus méritos. *Asoc. De Periodistas v. González,* 127 DPR 704, 719 (1991).

**III.**

Del trámite procesal antes discutido surge que, el 30 de agosto de 2023, el foro de instancia emitió una *Sentencia,* notificada el 31 de agosto de 2023, mediante la cual desestimó la causa de acción por falta de legitimación activa. El foro recurrido razonó que la parte apelante no tiene legitimación activa para llevar el pleito de autos a la luz de lo exigido en la jurisprudencia y en el Artículo 14.1 de la Ley Núm. 161-2009, *supra.* Además, sostuvo que en sus alegaciones la parte apelante no demostró que tiene un interés sustancial en controversia o que se haya visto adversamente afectada. Concluyó que reclamar solo competencia desleal no es suficiente y que el alegado daño no es concreto, ni real.

Insatisfecho con esa determinación, el 2 de octubre de 2023, la parte apelante presentó ante este Tribunal un recurso de apelación. Así las cosas, el 6 de noviembre de 2023, la parte apelada presentó una *Solicitud de Desestimación del Recurso de Apelación por Academicidad y Alegato de la Parte Apelada.* En la misma, alegó que procede la desestimación del recurso de apelación, ya que la controversia se tornó académica desde el momento en que la OGPe

---

[4] Véase, además, *Hon. Eduardo Bhatia Gautier v. Gobernador et al.,* 199 DPR 59, 73 (2017).

expidió el Permiso de Instalación Enmendado conteniendo el nuevo número de catastro. Así, reiteró que la enmienda al Permiso de Instalación convirtió en académica la única reclamación de la parte apelante, lo cual priva de autoridad a este Tribunal para entender en los méritos que la parte apelante propone en sus señalamientos de error. A su vez, indicó que la controversia no es justiciable. Tiene razón.

Surge del derecho que antecede que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *MCS Advantage, Inc. v. Fossas Blanco, supra.* Así pues, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

Cónsono con lo anterior, la Regla 83(C) de nuestro Reglamento, *supra*, nos concede la facultad de desestimar por iniciativa propia, un recurso de apelación, entre otras cosas, porque el recurso se ha convertido en académico. Es decir, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo.

Tras un análisis detallado del expediente ante *nos*, específicamente, de la *Petición de Interdicto Estatutario*, así como del derecho aplicable, es forzoso concluir que la controversia no es una justiciable. Así, la controversia se tornó académica desde el momento en que la OGPe expidió el Permiso de Instalación Enmendado conteniendo el nuevo número de catastro. Pues, en el caso de epígrafe la única controversia planteada por la parte apelante fue la ilegalidad del Permiso de Instalación del *billboard* y consecuentemente, la presunta competencia desleal que emanaba

de dicha ilegalidad. Por lo cual, a la OGPe enmendar el Permiso de Instalación para incorporarle el nuevo número de catastro y conformarlo al Mapa de Catastro Digital del CRIM, la controversia es inexistente.

Tal y como consignamos en el derecho aplicable, un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C., supra.* Al determinar que la controversia ante *nos* es inexistente, carecemos de jurisdicción para atender el recurso.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, *desestimamos* el recurso de apelación por académico.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones