Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CARLOS JAVIER CORTÉS LUNA<br><br>EX PARTE<br><br>Peticionario | KLCE202301393 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CA2023CV00224<br><br>Sobre: Expediente de Dominio |
| --- | --- | --- |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

Comparece ante nos la parte peticionaria, Carlos Javier Cortés Luna, mediante el recurso de epígrafe y nos solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 16 de octubre de 2023, notificada el 18 del mismo mes y año. Mediante el referido dictamen, el foro primario determinó que la acción de jurisdicción voluntaria sobre expediente de dominio, incoada por la parte peticionaria, tenía que tramitarse por la vía ordinaria y no ex parte.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

I

El 24 de enero de 2023, Carlos Javier Cortés Luna (Cortés Luna o peticionario) instó una *Petición* sobre expediente de dominio, mediante la cual reclamó su derecho respecto a un aumento de cabida que carecía de título inscribible, ubicada en una finca bajo su posesión de la que alegaba ser dueño.[1]

---

[1] Anejo 5 del recurso, págs. 15-19.

Luego de varios trámites procesales, el 16 de octubre de 2023, notificada el 18 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Orden* que nos ocupa.[2] Indicó que la finca en cuestión estaba inscrita en el Registro de la Propiedad. En vista de ello, concluyó que, conforme a los Artículos 183 y 184 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210-2015, según enmendada, 30 LPRA secs. 6282 y 6283 (Ley del Registro de la Propiedad), la acción de epígrafe tenía que tramitarse por la vía ordinaria y no ex parte. Por ello, concedió un término de veinte (20) días a Cortés Luna para enmendar su *Petición*.

En desacuerdo, el 24 de octubre de 2023, Cortés Luna presentó una *Moción de Reconsideración*, mediante la cual sostuvo que no procedía la conversión del caso en una acción ordinaria.[3] Arguyó que el Artículo 183 de la Ley del Registro de la Propiedad, *supra*, no era de aplicación al presente caso, ya que la referida finca, en efecto, aparecía inscrita en el Registro de la Propiedad a favor de este; razón por la cual tampoco aplicaba el Artículo 184 del citado estatuto. Argumentó que su *Petición* se incoó al amparo de los Artículos 182, 185, 186 y 195.3 de la Ley del Registro de la Propiedad, *supra*, específicamente bajo el Artículo 186 que disponía lo relacionado a la inscripción de un exceso de cabida mayor del veinte por ciento (20%) que constaba inscrita. Adujo que había cumplido con todos los requisitos exigidos en una acción de esta naturaleza, incluyendo con la notificación al dueño anterior de la propiedad, aun cuando había adquirido la finca mediante escritura pública.

Evaluada la solicitud, el 25 de octubre de 2023, el foro primario emitió y notificó una *Resolución* declarándola No Ha Lugar, sin más.[4]

Insatisfecho, el 3 de noviembre de 2023, Cortés Luna instó una *Segunda Moción de Reconsideración*.[5] En esencia, reiteró los fundamentos esbozados en su primer petitorio de reconsideración. Solicitó al foro *a quo*

---

[2] Anejo 25 del recurso, pág. 60.
[3] Anejo 26 del recurso, págs. 61-62.
[4] Anejo 27 del recurso, pág. 63.
[5] Anejo 28 del recurso, págs. 64-66.

que reconsiderara su postura, toda vez que, convertir la acción de epígrafe en una ordinaria según establecía el Artículo 183 de la Ley del Registro de la Propiedad, *supra*, requeriría que este fuera demandante y demandado a la vez, por ser tanto dueño registral como extrarregistral. Según alegó, nuevamente, el proceso correcto y exigido por los Artículos 182, 185 y 195.3 del referido estatuto era el expediente de dominio (ex parte). En apoyo a su contención, por primera vez, comparó dicho procedimiento con la ley hipotecaria española y citó los requisitos necesarios para hacer constar en el Registro de la Propiedad el exceso de cabida, según desglosados por el jurista español Ramón María Roca Sastre en su obra jurídica *Derecho Hipotecario*.

Atendido el petitorio, el 16 de noviembre de 2023, notificada el 21 del mismo mes y año, el foro recurrido emitió una *Resolución* en la cual declaró No Ha Lugar la *Segunda Moción de Reconsideración*.[6]

Inconforme con dicha determinación, el 8 de diciembre de 2023, la parte peticionaria acude ante nos mediante el recurso de epígrafe y realiza los siguientes señalamientos de error:

> Err[ó] el TPI al dictar Orden requiriendo [que] se enmiende la Petici[ón] para convertir el procedimiento de dominio en un caso ordinario.
>
> Err[ó] el TPI al dictar Resoluci[ó]n declarando No Ha Lugar las dos mociones de reconsideraci[ó]n del recurrente.
>
> Err[ó] el TPI al proveer "nada que proveer" a la moci[ó]n del recurrente para que se dicte Sentencia.

Procedemos a expresarnos de conformidad con la norma aplicable a su trámite en alzada.

## II

### A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 8, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR

---

[6] Anejo 29 del recurso, pág. 67.

384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 2023 TSPR 50, 211 DPR ___ (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *FCPR v. ELA et al.*, supra.

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso tardío o prematuro. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Un recurso tardío es el que se presenta pasado el término provisto para recurrir. *Íd.*; *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). Al igual que un recurso presentado prematuramente, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra. Esto, por razón de que su presentación

carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

La Regla 32(C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 32(C), establece que el término para presentar el recurso de *certiorari* para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia será dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de una copia de la notificación de la resolución u orden recurrida. De otro lado, el mismo Reglamento en su Regla 83, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal tiene la facultad para, a iniciativa propia o a petición de parte, desestimar un recurso por falta de jurisdicción.

**B**

Sabido es que "los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio*, siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso". *División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico*, 2023 TSPR 107, resuelto el 5 de septiembre de 2023, citando a *Pueblo v. Román Feliciano*, 181 DPR 679, 684 (2011); *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009). La *moción de reconsideración* "es el mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que haya incurrido". *Íd.*, citando a *Interior Developers v. Mun. de San Juan*, supra; *Lagares v. E.L.A.*, 144 DPR 601, 612 (1997).

A tenor con ello, la Regla 47 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 47, dispone lo concerniente a la presentación de la moción de *reconsideración* y sus efectos procesales. En ella, se dispone que la parte adversamente afectada por una resolución u orden del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la resolución u orden, presentar una moción de

reconsideración. En términos generales, lo que se procura es que el tribunal considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014).

El Tribunal Supremo de Puerto Rico ha establecido que, una vez presentada la moción de reconsideración y/o de determinaciones iniciales o adicionales de manera oportuna, quedarán interrumpidos los términos para recurrir en alzada para todas las partes. En lo pertinente, el tratadista José A. Cuevas Segarra (Cuevas Segarra), adelantó que la controversia actualmente de cuándo se entendía como oportuna una moción se iba a trasladar a la consideración sobre si la moción cumple o no con los requisitos de especificidad de la citada Regla. A lo que añadió que**,** salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la precitada Regla. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones JTS, Tomo II, pág. 1366. Por otra parte, añadió que la moción no tendrá efecto interruptor, ya sea titulada reconsideración o de enmiendas a las determinaciones de hechos y conclusiones de derechos adicionales cuando —excepto por el título— nada en la moción aluda a la reconsideración, a las determinaciones o conclusiones adicionales solicitadas, ni se alegue su pertinencia para un recurso apelativo. *Íd.* Tales requisitos tienen como propósito disuadir la presentación de escuetas mociones dirigidas únicamente a dilatar la finalidad de la sentencia. *Íd.* Es por ello que las mociones de reconsideración deben de examinarse caso a caso, a la luz de las particulares controversias de hechos pertinentes y materiales que presenten, de manera flexible. *Íd.* A tenor con lo anterior, el tratadista Cuevas Segarra razonó que no existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de esta que puedan afectar el derecho de apelación. *Íd.*

Una vez presentada de manera oportuna la moción sobre reconsideración, el término para recurrir en alzada comenzará a decursar

nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción. 32 LPRA Ap. V, R. 43.2; *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 1000 (2015); Es decir, contrario a lo que ocurría bajo las Reglas de Procedimiento Civil de 1979, en la que el término para recurrir en alzada se entendía interrumpido únicamente si el tribunal consideraba la moción, ahora la mera presentación oportuna paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía y comenzará a transcurrir una vez el foro primario resuelva definitivamente la solicitud de reconsideración y/o determinaciones iniciales o adicionales. *Morales y otros v. The Sheraton Corp.*, supra.

Ahora bien, **la presentación de una segunda moción de reconsideración interrumpe el término para acudir ante este Tribunal de Apelaciones solo cuando: (1) el dictamen impugnado fue alterado sustancialmente como consecuencia de una moción de reconsideración anterior, independientemente de quien la haya presentado; y (2) cumple con los criterios de especificidad y particularidad exigidos por la Regla 47 de Procedimiento Civil,** *supra*. *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 341 (2018). Es decir, para que una subsiguiente solicitud de reconsideración interrumpa el término jurisdiccional para acudir ante este Foro revisor, esta debe exponer cuáles son los hechos o el derecho a reconsiderarse, así como cuáles son las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez. *Íd.*, págs. 341-342. De esta manera, se impide que el término para recurrir en revisión judicial quede extendido indefinidamente por la presentación de subsiguientes mociones de reconsideración frívolas, basadas en los mismos fundamentos. *Íd.*, pág. 342.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Así, este Tribunal debe expresarse, en primer lugar, sobre el escollo jurisdiccional que tiene ante su consideración.

En el caso de autos, la parte peticionaria solicita que revoquemos la *Orden* emitida el 16 de octubre de 2023, notificada el 18 del mismo mes y año. Por su parte, el término para recurrir de dicho dictamen fue interrumpido oportunamente por la presentación de una *Moción de Reconsideración* el 24 de octubre de 2023. Este término comenzó a transcurrir nuevamente a partir de la *Resolución* emitida y notificada al día siguiente, mediante la cual el foro primario declaró No Ha Lugar la referida solicitud de reconsideración. Aún en desacuerdo, el 3 de noviembre de 2023, el peticionario sometió una *Segunda Moción de Reconsideración* reproduciendo los fundamentos esbozados en su primer petitorio. No obstante, cuando la parte peticionaria instó la segunda solicitud de reconsideración, el término para acudir ante este Foro no quedó interrumpido nuevamente.

Ante la insatisfacción con la primera determinación adversa por parte del Tribunal de Primera Instancia, correspondía que la parte peticionaria acudiera mediante un recurso de *certiorari* ante esta Curia, dentro del término jurisdiccional de treinta (30) días que impone nuestro ordenamiento jurídico. Esto es, a raíz del primer "No Ha Lugar" del foro *a quo*, dictado y notificado el 25 de octubre de 2023, el peticionario tenía hasta el 27 de noviembre del mismo año para presentar su recurso de *certiorari* ante este Tribunal.[7] Sin embargo, no lo hizo.

---

[7] Originalmente, el término de treinta (30) días para presentar el recurso de *certiorari* vencía el viernes, 24 de noviembre de 2023. No obstante, el Poder Judicial decretó dicha fecha como "cierre total de operaciones". Por tanto, el término jurisdiccional para presentar el recurso de *certiorari* quedó extendido hasta el próximo día laborable, es decir, hasta el lunes, 27 de noviembre de 2023.

La parte peticionaria optó, en vez, por presentar una *Segunda Moción de Reconsideración*, la cual no surtió efecto interruptor alguno, pues el dictamen impugnado no fue alterado sustancialmente como consecuencia de su primera moción de reconsideración. Por ende, cuando el peticionario acudió ante nos mediante su recurso de *certiorari* el 8 de diciembre de 2023, ya habían transcurrido once (11) días desde que expiró el término para su presentación. Al así actuar, la parte peticionaria privó de jurisdicción a este Tribunal. Por consiguiente, estamos impedidos de atender, en los méritos, el presente recurso.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones