ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ELDA GONZÁLEZ SANTIAGO**<br><br>Recurrido<br><br>v.<br><br>**CONSEJO DE TITULARES DEL CONDOMINIO SANTA RITA; JUNTA DE DIRECTORES DEL CONDOMINIO SANTA RITA; SHEILA CANDELARIO BARRETO, Presidenta; MARICARMEN VARGAS VARGAS, Secretaria; MICHAEL ZARCONE CANDELARIO, Tesorero**<br><br>Recurrente | KLRA202400158 | **REVISIÓN** procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm.:<br>**C-SAN-2023-005179** |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante nos, por derecho propio, la señora Elda González Santiago (señora González Santiago o recurrente) y solicita que revisemos la *Resolución Sumaria* emitida el 23 de enero de 2024, notificada el 26 de enero de 2024 por el Departamento de Asuntos del Consumidor (DACo), mediante la cual se desestimó la querella de referencia. La señora González Santiago solicitó reconsideración, pero la misma fue desestimada por falta de jurisdicción. Así, la agencia sostuvo en pleno efecto y vigor la *Resolución Sumaria*.

Por las razones que expondremos a continuación, se desestima el recurso de revisión judicial por falta de jurisdicción.

### I.

Según surge del expediente, el 24 de marzo de 2023, la señora González Santiago presentó la *Querella* de epígrafe en contra del

Consejo de Titulares y Junta de Directores del Condominio Santa Rita, su presidenta Sheila Candelario Barreto, su secretaria Maricarmen Vargas Vargas, así como su tesorero Michael Zarcone Candelario (en conjunto, parte recurrida). Ello, al amparo de la Ley Núm. 129-2020, *infra.* En esencia, la querella tenía el propósito de impugnar la asamblea extraordinaria celebrada el 23 de febrero de 2023 en el mencionado Condominio. El 3 de julio de 2023, la parte querellada fue notificada de la causa de acción instada en su contra.

El 23 de enero de 2024, el DACo emitió la *Resolución Sumaria* concernida, mediante la cual desestimó la querella y ordenó su cierre y archivo. Lo anterior, bajo el fundamento de que la señora González Santiago presentó una querella para impugnar la celebración de una asamblea extraordinaria, más no incluyó una certificación negativa de deuda con el Consejo de Titulares del Condominio Santa Rita, lugar donde reside. Esto, fuera por cuotas de mantenimiento, derramas, multas vencidas y/o primas de seguro. El DACo razonó que la señora González Santiago no estaba eximida de cumplir con dicho criterio, por lo cual, conforme al Reglamento de Condominios Núm. 9386, decretaba el cierre y archivo de la querella.[1] Asimismo, la agencia administrativa incluyó en su dictamen, entre otras advertencias, la siguiente:

> Si la parte interesada opta por solicitar una Reconsideración, su solicitud DEBERÁ SER POR ESCRITO. Se recomienda incluir la palabra "Reconsideración" como título del documento, el cual podrá presentarse de modo presencial, o enviarse por correo postal. **Copia de la Reconsideración deberá ser notificada a la otra parte dentro de los veinte (20) días antes indicados, y deberá certificar dicha gestión ante el DACo.** (Énfasis en el original).

En desacuerdo con la decisión de la agencia, el 13 de febrero de 2024, la señora González Santiago presentó una solicitud de reconsideración, pero esta se desestimó por falta de jurisdicción

---

[1] Del expediente surge que la parte querellada incoó su alegación responsiva el 31 de enero de 2024, luego de dictado el dictamen recurrido.

mediante *Resolución en Reconsideración* notificada el 1 de marzo de 2024. Lo anterior, bajo el siguiente razonamiento: "El documento de reconsideración presentado por la querellante Elda González no incluye certificación de haberle enviado a la otra parte copia del mismo".

Aun inconforme con la determinación del DACo, la señora González Santiago acude ante este Tribunal de Apelaciones y alega que el foro administrativo cometió los siguientes errores:

> Erró el Departamento de Asuntos del Consumidor al desestimar la querella de la Sra. González vía Resolución Sumaria al entender que debía presentar certificación de no deuda.

> Erró el Departamento de Asuntos del Consumidor en Resolución en reconsideración por que el Departamento entiende parte recurrente no notificó a la otra parte y este no le dio la oportunidad de presentar evidencia de la notificación.

> Erró el Departamento de Asuntos del Consumidor al aceptar el documento Contestación a Querella presentado luego del cierre y archivo de la querella.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

### A.

La Sección 3.15 de la Ley Núm. 38-2017, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9655 (LPAU), regula la moción de reconsideración en el ámbito administrativo. En lo pertinente, esta expone que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de

archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.

En *Febles v. Romar*, 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico determinó que la norma establecida previamente en *Lagares v. E.L.A.*, 144 DPR 601, 617–618 (1997), en cuanto a que el término para notificar una moción de reconsideración a las demás partes es de cumplimiento estricto y que ésta debe notificarse dentro del término que establece la Sec. 3.15 de la LPAU, *supra*, para presentar la reconsideración, es compatible con el procedimiento administrativo. Así, extendió la aplicación de esta norma a la reconsideración administrativa de la Sec. 3.15 de la LPAU, *supra.*

Por su parte, la Sec. 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, autoriza que se solicite la revisión judicial de decisiones administrativas. En esta Ley se establece el término jurisdiccional que tiene una parte afectada para instar un recurso de esta índole:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

**B.**

De otro lado, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203 (2022); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020)*; Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 109 (2020). En ese sentido, los tribunales deben ser celosos guardianes de su jurisdicción y no

pueden asumirla donde no la tienen. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*

Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma tardía, entiéndase pasado el término provisto para recurrir. *Yumac Home v. Empresas Masso*, 194 DPR 96, 107 (2015). Un recurso tardío priva de jurisdicción al tribunal al cual se recurre e igualmente priva a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*; *Torres Martínez v. Ghigliotty*, 175 DPR 83 (2008). En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 83 (B)(1) y (C), nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

En el presente recurso, atenderemos con primacía el asunto jurisdiccional que surge del expediente. Ello, relacionado a la falta de notificación a la parte recurrida de la solicitud de reconsideración presentada ante el DACo por la recurrente.

Según expuesto, el DACo dictó la *Resolución Sumaria* impugnada el 23 de enero de 2024. Desde ese momento la agencia le advirtió a la recurrente que, de interesarle solicitar reconsideración, su escrito debía ser notificado a la otra parte dentro del término de 20 días aplicable.[2] La notificación a la otra parte en el término mencionado constituye un requisito de cumplimiento estricto.[3] En particular, se le indicó que dicha gestión de envío debía

---

[2] Véase, Regla 29.1 del Reglamento de Procedimientos Adjudicativos del DACo, Reglamento Núm. 8034, aprobado el 13 de junio de 2011.

[3] Un término de cumplimiento estricto puede ser prorrogado por los tribunales. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393 (2012). Sin embargo, para prorrogar un término de

certificarse ante el DACo. Al no cumplir con lo anterior, la agencia se declaró sin jurisdicción para resolver la solicitud de reconsideración.

En el recurso bajo nuestra consideración, aun cuando la recurrente alega que sí notificó de inmediato la solicitud de reconsideración a la parte recurrida, mediante correo regular y vía correo electrónico, es un hecho que no incluyó dicha prueba en su escrito. Tampoco demostró justa causa por la referida omisión. Así, es claro que el expediente está carente de la mencionada gestión que la recurrente alega realizó a la parte recurrida. Lo anterior nos lleva a concluir que la solicitud de reconsideración no le fue notificada a la parte recurrida dentro del término de 20 días de cumplimiento estricto aplicable.

Por consiguiente, la presentación de la solicitud de reconsideración incoada por la recurrente no interrumpió el término jurisdiccional de 30 días que ostentaba para acudir ante este Tribunal de Apelaciones. El aludido término para instar su recurso de revisión judicial comenzó a transcurrir desde el 26 de enero de 2024, fecha en que se notificó por correo la *Resolución Sumaria.* Por tanto, la recurrente contaba hasta el 26 de febrero de 2024 para incoar su recurso de revisión judicial.[4] Al presentarlo el 27 de marzo de 2024, evidentemente se hizo de forma tardía, lo que nos priva de jurisdicción para atenderlo en sus méritos.

Frente a lo enunciado, carecemos de autoridad para poder intervenir y adjudicar la causa de epígrafe. Ello nos obliga a desestimar la acción ante nuestra consideración, por constituir el único proceder adecuado, toda vez que la falta de jurisdicción no

---

cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.*, pág. 403.

[4] El término vencía el 25 de febrero de 2024, pero al ser domingo se extiende automáticamente hasta el próximo día laborable, en este caso, el lunes 26 de febrero de 2024.

puede ser subsanada, ni el tribunal puede atribuírsela cuando no la hay. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009). Véase, además, Regla 83 del Reglamento del Tribunal de Apelaciones, *supra.*

## IV.

Por los fundamentos antes expuestos, desestimamos el recurso de revisión judicial de referencia por falta de jurisdicción ante su presentación tardía.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones