ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ELDA GONZÁLEZ SANTIAGO**<br><br>Recurrido<br><br>v.<br><br>**CONSEJO DE TITULARES DEL CONDOMINIO SANTA RITA; JUNTA DE DIRECTORES DEL CONDOMINIO SANTA RITA; SHEILA CANDELARIO BARRETO, Presidenta; MARICARMEN VARGAS VARGAS, Secretaria; MICHAEL ZARCONE CANDELARIO, Tesorero**<br><br>Recurrente | KLRA202400158 | **REVISIÓN** procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm.:<br>**C-SAN-2023-005179** |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 8 de julio de 2024.

Comparece ante nos, por derecho propio, la señora Elda González Santiago (señora González Santiago o recurrente) y solicita que revisemos la *Resolución Sumaria* emitida el 23 de enero de 2024, notificada el 26 de enero de 2024, por el Departamento de Asuntos del Consumidor (DACo), por medio de la cual se desestimó la querella de referencia. La señora González Santiago solicitó reconsideración, pero mediante *Resolución en Reconsideración* notificada el 1 de marzo de 2024, la agencia la desestimó bajo el razonamiento de que no ostentaba jurisdicción para atenderla. Por consiguiente, se sostuvo en pleno efecto y vigor la *Resolución Sumaria.*

Número Identificador
SEN2024 _____

El 20 de mayo de 2024, emitimos *Sentencia* desestimando el recurso presentado por la señora González Santiago, por entender que carecíamos de jurisdicción por tardío. No conteste con la decisión, la recurrente presentó una solicitud de reconsideración de nuestro dictamen. En ella, anejó, por primera ocasión ante este Foro, evidencia de la notificación a las demás partes de la solicitud de reconsideración sometida ante el DACo el 13 de febrero de 2024.

Tras el examen y estudio de su comparecencia, determinamos acoger la solicitud de reconsideración interpuesta por la señora González Santiago y dejar sin efecto la sentencia desestimatoria del 20 de mayo de 2024. No procedía que la agencia desestimara la solicitud de reconsideración por falta de jurisdicción.

Por los fundamentos que expresamos a continuación, se revoca la *Resolución en Reconsideración* notificada el 1 de marzo de 2024 y se devuelve el caso al DACo para que atienda la solicitud de reconsideración instada por la señora González Santiago.

## I.

Según surge del expediente, el 24 de marzo de 2023, la señora González Santiago presentó la *Querella* de epígrafe en contra del Consejo de Titulares y Junta de Directores del Condominio Santa Rita, su presidenta Sheila Candelario Barreto, su secretaria Maricarmen Vargas Vargas, así como su tesorero Michael Zarcone Candelario (en conjunto, parte recurrida). Ello, al amparo de la Ley Núm. 129-2020, *infra*. En esencia, la querella tenía el propósito de impugnar la asamblea extraordinaria celebrada el 23 de febrero de 2023 en el mencionado Condominio. El 3 de julio de 2023, la parte querellada fue notificada de la causa de acción instada en su contra.

El 23 de enero de 2024, el DACo emitió la *Resolución Sumaria* concernida, mediante la cual desestimó la querella y ordenó su cierre y archivo. Lo anterior, bajo el fundamento de que la señora González Santiago presentó una querella para impugnar la

celebración de una asamblea extraordinaria, más no incluyó una certificación negativa de deuda con el Consejo de Titulares del Condominio Santa Rita, lugar donde reside. Esto, fuera por cuotas de mantenimiento, derramas, multas vencidas y/o primas de seguro. El DACo razonó que la señora González Santiago no estaba eximida de cumplir con dicho criterio, por lo cual, conforme al Reglamento de Condominios Núm. 9386, decretaba el cierre y archivo de la querella.[1] Asimismo, la agencia administrativa incluyó en su dictamen, entre otras advertencias, la siguiente:

> Si la parte interesada opta por solicitar una Reconsideración, su solicitud DEBERÁ SER POR ESCRITO. Se recomienda incluir la palabra "Reconsideración" como título del documento, el cual podrá presentarse de modo presencial, o enviarse por correo postal. **Copia de la Reconsideración deberá ser notificada a la otra parte dentro de los veinte (20) días antes indicados, y deberá certificar dicha gestión ante el DACo.** (Énfasis en el original).

En desacuerdo con la decisión de la agencia, el 13 de febrero de 2024, la señora González Santiago presentó una solicitud de reconsideración, pero esta se desestimó por falta de jurisdicción mediante *Resolución en Reconsideración* notificada el 1 de marzo de 2024. Lo anterior, bajo el siguiente razonamiento: "El documento de reconsideración presentado por la querellante Elda González no incluye certificación de haberle enviado a la otra parte copia del mismo".

Aun inconforme con la determinación del DACo, la señora González Santiago acude ante este Tribunal de Apelaciones y alega que el foro administrativo cometió los siguientes errores:

> Erró el Departamento de Asuntos del Consumidor al desestimar la querella de la Sra. González vía Resolución Sumaria al entender que debía presentar certificación de no deuda.
>
> Erró el Departamento de Asuntos del Consumidor en Resolución en reconsideración por que el Departamento entiende parte recurrente no notificó a la otra parte y

---

[1] Del expediente surge que la parte querellada incoó su alegación responsiva el 31 de enero de 2024, luego de dictado el dictamen recurrido.

este no le dio la oportunidad de presentar evidencia de la notificación.

Erró el Departamento de Asuntos del Consumidor al aceptar el documento Contestación a Querella presentado luego del cierre y archivo de la querella.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

## A.

La Sección 3.15 de la Ley Núm. 38-2017, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9655 (LPAU), regula la moción de reconsideración en el ámbito administrativo. En lo pertinente, esta expone que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.

En *Febles v. Romar*, 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico determinó que la norma establecida previamente en *Lagares v. E.L.A.*, 144 DPR 601, 617–618 (1997), en cuanto a que **el término para notificar una moción de reconsideración a las demás partes es de cumplimiento estricto y que ésta debe notificarse dentro del término que establece la Sec. 3.15 de la LPAU,** *supra,* **para presentar la reconsideración, es compatible con el procedimiento administrativo.** Así, extendió la aplicación de esta norma a la reconsideración administrativa de la Sec. 3.15 de la LPAU, *supra.* (Énfasis nuestro).

**B.**

Sabido es que, dado a que las decisiones administrativas están cobijadas por una presunción de legalidad y corrección, estas son merecedoras de deferencia por parte de los tribunales apelativos. *Vélez v. A.R.P.E.,* 167 DPR 684, 693 (2006); *Otero v. Toyota,* 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 892 (2008). Una determinación formulada por una agencia administrativa debe ser sostenida por el foro judicial siempre que la misma no sea arbitraria o caprichosa y esté fundamentada en evidencia sustancial.[2] Sec. 4.5 de la LPAU. Véase también, *Asoc. Vec. H. San Jorge v. U. Med. Corp.,* 150 DPR 70, 75 (2000). Asimismo, las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar, aunque revisables en toda su extensión, deben ser sostenidas a nivel apelativo si estas son razonables, aunque haya alguna otra interpretación igualmente adecuada. *P.R.T.C. v. J. Reg. Tel. de P.R.,* 151 DPR 269, 283 (2000); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 133 (1998).

De igual forma, al momento de evaluar una decisión administrativa debemos tomar en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también debemos distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales somos los especialistas— y aquellos asuntos propios para

---

[2] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota,* supra, a la pág. 728.

la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892. Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

Ahora bien, debemos puntualizar que —dado al hecho de que las resoluciones de los organismos administrativos se presumen correctas— quien impugne la misma tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior surge claramente que la carga probatoria le corresponde a la parte recurrente, por lo que de incumplir con ella la decisión administrativa deberá ser respetada por el foro apelativo.

**III.**

En la presente causa, lo alegado por la recurrente en la *Reconsideración Apelativa* que presentó ante este Foro el 24 de mayo de 2024 nos lleva a concluir que la solicitud de reconsideración administrativa le fue notificada adecuadamente a la parte recurrida dentro del término de 20 días de cumplimiento estricto aplicable.[3] En el mencionado escrito, la recurrente acreditó justa causa con explicaciones concretas y particulares, tal y como lo requiere nuestro ordenamiento jurídico. Por consiguiente, la presentación de la solicitud de reconsideración incoada por la recurrente el 13 de febrero de 2024 interrumpió el término jurisdiccional de 30 días que ostentaba para acudir ante este Tribunal de Apelaciones.

En virtud de lo antes expuesto, concluimos que, toda vez que la recurrente acreditó evidencia de que notificó oportunamente a las demás partes la solicitud de reconsideración presentada ante el DACo, la agencia erró al declararse sin jurisdicción para atenderla.

---

[3] El Tribunal Supremo de Puerto Rico ha establecido que, contrario a los términos jurisdiccionales, los de cumplimiento estricto admiten ser prorrogados. Sin embargo, la extensión de los términos no puede concederse arbitrariamente. Véase, *Febles v. Romar*, supra.

Lo anterior, sin concederle oportunidad a la recurrente para certificar el envío de la referida moción a las demás partes. En consecuencia, revocamos la *Resolución en Reconsideración* y devolvemos el caso a la agencia para que considere la solicitud de instada el 13 de febrero de 2024 por la señora González Santiago.

**IV.**

Por los fundamentos antes expuestos, se revoca la *Resolución en Reconsideración* notificada el 1 de marzo de 2024 y se devuelve el caso al DACo para que atienda la solicitud de reconsideración instada por la señora González Santiago. Una vez la agencia resuelva la referida solicitud, la señora González Santiago podrá acudir ante este Foro, de entenderlo necesario.

Lo acordó este Tribunal y lo certifica la Secretaría del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones